## WATER LOT COMPANY *vs.* BANK OF BRUNS-WICK.

<div style="float:right">30   685<br>d117 889</div>

The sheriff made the following return upon the declaration: "Served a copy of the within writ by leaving the same at the most notorious place of abode of Walter T. Colquit, the President of the Water Lot Company:" *Held,* That it was a good service upon the company.

Rule *Nisi* to set aside Judgment, from Muscogee county. Decision by Judge WORRILL, May Term, 1859.

The plaintiff in error moved a rule *nisi*, calling upon the Bank of Brunswick to show cause why two certain judgments embraced in the rule should not be set aside for want of jurisdiction in the Court rendering the same.

Alfred H. Colquitt, as assignee of said judgments, answered the rule, and stated that he was the owner of said judgments by assignment for value, and that the service of the process upon the defendant by the sheriff was a sufficient service to give jurisdiction to the Court rendering said judgments.

The return of the sheriff on the two declarations was as follows:

"Served a copy of the within writ and process by leaving the same at the most notorious place of abode of Walter T. Colquitt, the President of the Water Lot Company."

The motion to set aside said judgment was founded on the alleged defect in the above service as made and returned by the sheriff.

Colquitt, assignee, asked permission of the Court, on the hearing, to allow the sheriff to amend this return, according to the facts, by inserting the word "residence," in place of the word "abode." Which was objected to by the movant. The request was granted, and the amendment made accordingly.

Counsel for the movant excepted thereto.

After argument in the cause, the Court refused to make said rule absolute, and ordered the same to be dismissed.

Counsel for movant excepted thereto, and assigned the same as error.

DENTON, for plaintiff in error.

MOSES, for defendant.

*By the Court*—LUMPKIN, J., delivering the opinion.

There is but a single point in this case, and that is, whether service upon the head of a corporation, by leaving a copy of the writ at his notorious place of abode, is sufficient?

At common law, all service had to be personal. The Act of 1799 authorizes service to be made by leaving a copy at the notorious place of residence of the defendant. By our statutes, notorious place of *residence* and notorious place of *abode* are legal synonyms : *Cobb*, 471, 528, 530.

The Act of 1845, *Cobb, sec.* 80, comes in aid of the common law and of the Judiciary Act of 1799, as to the manner of serving the heads of corporations, by leaving a copy at the most public place or office of transacting the business of the corporation. We think the service in this case was good without amendment.