C. F. JOHNSON *et al.*, executors, for use, plaintiffs in error, *vs.* W. R. D. JOHNSON, defendant in error.

1. Where a sheriff, having a writ against A, left by mistake the copy at the house of A's brother, but on the same evening, meeting A, he informed him of the fact, saying, that if A would accept such service,

Johnson *et al. vs.* Johnson.

well, but if not he would go and get the copy and serve it regularly, and A replied, that was sufficient, that he would get the copy himself, and that it was not worth while for the sheriff to go after it, whereupon the "sheriff returned the writ, with an entry, served the within, by personal service."

*Held,* that A was estopped from denying the service.

2. Under the facts, if true, he had notice, or was put upon notice, that the entry would be made, and it is too late for him to controvert the sheriff's return after six months from its making.

Service. Sheriff. Estoppel. Before Judge GIBSON. Warren Superior Court. April Term, 1874.

An execution issued in favor of C. F. Johnson *et al.,* executors, against W. R. D. Johnson, for $341 30 principal debt, with interest from August 16th, 1870. On November 1st, 1873, it was levied upon certain lands as the property of the defendant. On the 20th of the same month he filed an affidavit of illegality, upon the ground that he neither had been served nor waived service. The entry of the sheriff on the declaration showed personal service on March 20th, 1873. Upon the trial of the issue thus formed the following facts appeared :

The sheriff had left a copy of the writ at the house of the brother of the defendant, and had so notified him, asking if he would accept such service, and stating that if he would not, although it was late in the day, he would return and procure the copy and hand it to him. The sheriff swears that the defendant replied that he would accept such service as legal, and that it was unnecessary for him to return and procure the copy. The defendant admitted substantially all of the facts aforesaid, except his consent to accept the service as legal; this he emphatically denied. He resided about three miles from his brother, at whose house the copy was left by the sheriff.

The Court charged the jury, " that there could only be service by leaving a copy with the defendant or at his residence, that he could only waive service in either of these two modes, in writing, and could not accept any other service so as to bind him ; that he might back out of any agreement he might make with the sheriff, and that unless they find the

Johnson *et al. vs.* Johnson.

service in accordance with these instructions, they should find for the defendant."

To this charge the plaintiff excepted.

The jury found for the defendant. Error is assigned upon the above ground of exception.

W. M. & M. P. REESE, for plaintiffs in error.

T. P. WESTMORELAND; A. S. MORGAN, for defendant.

McCAY, Judge.

1. Under the charge of the court the evidence of the sheriff was entirely excluded from the consideration of the jury. This, we think, was error. We do not mean to say that a man can, by agreement, agree to any other service of a writ than that required by law. But we do say that if he does so, and others act on the agreement so that they will be damaged if it be repudiated, the party making the agreement cannot deny its legal effect. Here, if the sheriff tells the truth, the defendant deliberately misled him, and it is asked that a court shall aid that defendant to make his fraud effective. If this defense is successful, the sheriff will be liable for a false return, and that because he trusted and acted upon the plain, deliberate, and well understood, consent of the defendant to accept the service as complete. It does not meet the issue to say that the service is not such as is required by law. It is often the case that men act so as that they cannot insist on the rules of law. The law requires title to land to be passed only by writing, and yet if one, by his acts or words, induce another to buy his land as the land of a third person, it will be vain for him to plead that he did not put his pen to paper. A man shall not take advantage of his own wrong. The courts will not permit themselves to be the means of perpetrating a fraud. If this sheriff tells the truth, the act of the defendant, in insisting on a service in terms of the law, is a shameful breach of his own word, upon which the sheriff has, in good faith, acted, and it would be a gross wrong to the sheriff to permit

its consummation. We think, too, that under the statements of the sheriff the defendant had fair notice of the entry. He had the best of reasons for knowing that the sheriff considered the service complete, and that the entry would be duly made. At common law, this entry would be conclusive.

2. But under section 3340 of the Code, such an entry may be traversed if done within six months after notice of it. We think what the sheriff testifies was evidence going to show notice of the entry. Any reasonable man, after such a transaction as the sheriff testifies to, would have come to the conclusion that the entry would be made. Whether rightly made or not is immaterial, so far as this question of notice of it is concerned. He knew that the sheriff thought he had done all the law required. He separated from him, if the sheriff tells the truth, with a full understanding that the sheriff considered himself justified in making the entry, and that he would make it. This put him upon notice of it. A man is not allowed to shut his eyes to self-evident things. The defendant had every reason to know that under the circumstances the sheriff would make the entry. We think the jury should have been allowed to pass on both these questions. If the sheriff tells the truth, the defendant is estopped from setting up the want of regular service; and if the facts, even as testified to by the defendant, gave him good reason to think the entry would be made, then the traverse must be within six months.

Judgment reversed.