WILLIAM H. THOMAS, for use, etc., plaintiff in error, *vs*. WILLIAM M. HUNNICUTT *et al.*, defendants in error.

On a *scire facias* to revive a dormant judgment, an issue of payment was formed, and on the trial certain witnesses testified as to matters which occurred a good while ago. The plaintiff's counsel asked the court to charge that, after considerable lapse of time, human memory was unreliable. The court did so charge, but added that, on the other hand, the jury might consider lapse of time in determining whether payment of the judgment may be presumed :

*Held*, that this was error. No presumption of payment arises from simple lapse of time until the statutory bar attaches.

*Scire facias*. Judgments. Presumptions. Before Judge RICE. Rabun Superior Court. October Term, 1874.

The above head-note sufficiently reports this case.

C. H. SUTTON; MCWILLIAMS & NETHERLAND, for plaintiff in error.

W. L. MARLER, for defendants.

Peters *vs*. Baker.

McCay, Judge.

The evidence in this case was very conflicting, and the verdict pushes to its extremest verge the jurisdiction of the jury over the facts.   In such cases an error of the judge in his ruling becomes of the highest importance.   Who shall say that this was not the influence that caused the verdict? We are not prepared to say that time, even within the statutory bar, may not be weighed by the jury in connection with *other circumstances*.   But the charge left it to the jury to be considered as an independent element.   We think this was error. It amounts practically to a repeal of all those acts suspending the statutes from 1860 to 1868.   The law fixes certain periods for time to be an evidence of settlement; during that time, the parties have a right to delay, and it ought not to be counted against them as a presumption, as a color to other facts.   Sometimes even a very short period of delay may have weight; for even in this .case it might be considered as tending, for instance, to add strength to the evidence of payment.   But as the court put it, the jury was authorized to consider it by itself—standing alone—matter for consideration, and under the facts we cannot but think the jury gave it much weight.

Judgment reversed.