Hart *vs.* Granville, Whittlesey & Company.

---

JOHN R. HART, plaintiff in error, *vs.* GRANVILLE, WHITTLESEY & COMPANY, defendants in error.

This court will not control the discretion of the presiding judge in granting a new trial, on the ground that the verdict is decidedly and strongly against the weight of the evidence, unless the record makes it plainly appear that the judge abused his discretion in setting aside the verdict.

New trial. Before Judge WRIGHT. Upson Superior Court. November Adjourned Term, 1875.

Reported in the opinion.

M. H. SANDWICH; A. D. HAMMOND; SPEER & STEWART, for plaintiff in error.

J. Y. ALLEN, for defendants.

Hart *vs.* Granville, Whittlesey & Company.

JACKSON, Judge.

Hart was employed by the defendants as a drummer. They fell out, and Hart was discharged after two or three months' service; whereupon he sued the defendants by attachment, serving the writ by garnisheeing parties to whom the defendants, a New York house, had sold goods, alleging a contract of hire for one year at $150 00 per month. The defendants set up a written contract by which they were to pay a per cent. upon sales, and the fact that Hart was not employed except at will, and that he got drunk and neglected business. The jury found some $1,500 00 for plaintiff. Defendants moved for a new trial. The court granted it on the single ground that the verdict was decidedly and strongly against the evidence, and Hart brings the case here.

It is within the discretion of the Superior court to grant a new trial when the verdict is strongly and decidedly against the weight of the evidence: Code, section 3717. The only question for us, as a reviewing court, is, has the judge abused that discretion? It is not, would we have set aside the verdict from this record, had we presided; but did he abuse that sound discretion with which he, presiding and hearing the evidence and looking at the case in the light of a *nisi prius* trial, is wisely invested by the law?

We cannot say that in this case he has done so. On the contrary, we think that the letter of Hart indicates that he sued, not upon a contract he had made with defendants, but upon one under which he had served another former employer. The whole evidence is conflicting, it is true, especially upon the drunkenness issue; but the weight preponderates on the side the judge decided, especially when aided by the letter. "Oh, that mine enemy would write a book!" said Job, I believe; and Hart is not the first man who has hurt, if not ruined, his case by writing a letter. At all events, the letter sanctions the interference of the circuit judge with the verdict and prevents our holding that interference to have been illegal.

Judgment affirmed.