A. H. WEST, plaintiff in error, *vs.* JOHN W. WHEATLEY & COMPANY, defendants in error.

Though the case depend solely on the credibility of the respective parties as witnesses, where the charge of the court touching the *rejection* of testimony by the jury was subject to be misunderstood, and the rule laid down for dealing with conflict, was somewhat obscure in expression, the verdict not being one that the evidence obliged the

jury to render, the grant of a new trial by the presiding judge will not be interfered with.

Charge of court. New trial. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1876.

Reported in the opinion.

N. A. SMITH, for plaintiff in error.

S. C. ELAM, for defendants.

BLECKLEY, Judge.

The suit was for the proceeds of one hundred and fifty bales of cotton; and, in the progress of the trial, the whole controversy was boiled down to a single question, which was whether the plaintiff had authorized the defendants to apply eighteen of the bales to an account which the plaintiff's brother owed to the defendants. There was no evidence in writing, nor any other, except the testimony of the parties themselves. This appeared to be in direct conflict—the plaintiff denying that any authority was given, and the two defendants affirming that it was given. Each witness made a somewhat detailed statement of the circumstances attending the main transaction, and of what was said in certain conversations. The jury found for the plaintiff, and the court granted a new trial. Upon the question that divided the parties, there were two grounds of the motion for new trial that had materiality: These were, one, that "the jury found contrary to the evidence, contrary to the weight of the evidence, contrary to law, contrary to the charge of the court, and contrary to the principles of justice and equity;" and the other, that the court erred in charging the jury that "when the witnesses are parties to the suit, and interested, the jury can reject the testimony of any of them : when the witnesses are all equally entitled to credit, and there is a conflict, the preponderance did not mean, in every case, the greater number of witnesses, but the weight of testimony,

should decide." This part of the charge, as corrected and explained by the judge, in annexing the whole charge to the motion for new trial, stands thus : "When there is a conflict of testimony, it is the duty of the jury to reconcile the testimony so as to make all the witnesses tell the truth, if they can do so. When the witnesses are parties to the suit and interested, the jury can reject the testimony of any of them. When the witnesses are all equally entitled to credit, and there is a conflict, the preponderance of testimony should decide the question." (The counsel for plaintiff here asked the court to charge that the preponderance did not mean, in every case, the greater number of witnesses.) The court replied, "Not in every case, but the weight of testimony should decide." In granting the new trial, the court did not confine its judgment to any one or more grounds of the motion. The judicial mind may have become dissatisfied with the language of the charge which we have quoted. The language is certainly attended with some degree of vagueness, and a part of it is not free from obscurity. The jury were told that they could reject testimony. This broad instruction would seem to leave them free to reject, whether they had a good reason for the rejection or not. Certainly they have no legal right to reject what they believe to be true. They cannot thus disembarrass the case to make easy the work of deciding. On the relation of number of witnesses to weight of evidence, the charge is a kind of twilight. It seems timid and undecided. While the jury were warned that preponderance did not depend, in every case, on the number of witnesses, there was no express reminder that it might in some cases. 10 *Ga.*, 148; 55 *Ib.*, 450; 1 Stark. Ev., 554. Thus, in reviewing its own work, the court had before it something with which it might reasonably have been dissatisfied. The verdict is not such as to constrain us to overrule the grant of a new trial.

Cited for plaintiff in error, 51 *Ga.*, 528; 17 *Ib.*, 267; 30 *Ib.*, 212; 19 *Ib.*, 1; 55 *Ib.*, 317; 41 *Ib.*, 186; 53 *Ib.*, 570;

Acts of 1866, p. 138; 41 *Ga.*, 208, 295, 604; 42 *Ib.*, 64, 443; 43 *Ib.*, 282; 51 *Ib.*, 333, 174; 55 *Ib.*, 449. For defendants, 54 *Ga.*, 337; 39 *Ib.*, 597; 55 *Ib.*, 449; Code, §§ 5091, 3713, 3718; 57 *Ga.*, 559, 606, 609, 610; 55 *Ib.*, 416; 56 *Ib.*, 398.

Judgment affirmed.