### WOSTENHOLMES vs. THE STATE OF GEORGIA.

Where service of a bill of exceptions is made by the attorney of the plaintiff in error, it must be verified by the affidavit of the attorney; a mere entry of service, unverified, is not sufficient.

(a.) The case reported in 41 Ga., 681, is an error. There, service was made by the sheriff (as appears from the record), and the point was whether service by leaving a copy at the residence of the defendant in error, was sufficient, or whether the service must be personal.

September 25, 1883.

Practice in Supreme Court.   September Term, 1883.

Reported in the decision.

H. MORGAN, for plaintiff in error.

J. W. WALTERS, solicitor general, for the state.

JACKSON, Chief Justice.

A motion was made to dismiss this case for want of service.   The service is in these words:

"Served the solicitor with a copy by leaving it at his dwelling-house.

H. MORGAN."

Mr. Morgan is attorney for the plaintiff in error, but did not sign the service as attorney.   Even had he done so, it would not do, without an affidavit of the service on the bill of exceptions.   50 Ga., 369.   That service by a party or his counsel must be verified on oath, and must appear on the bill of exceptions, is distinctly ruled in that case.

The case of Montgomery vs. Walker, 41 Ga., 681, relied on by the plaintiff in error, is a mistake by the reporter

The service there was by the sheriff, and the point decided is, that service by him at the most notorious place of abode will do, without oath, but not service by counsel, without such verification.

Judge Warner dissented, because he thought that personal service was necessary. The original record shows that the service in the case of *Montgomery vs. Walker* was by the sheriff, and the judgment must have been on that state of fact. The writ of error must be dismissed.

Writ of error dismissed.