## STUART LUMBER COMPANY *v.* PERRY.

1.  In a suit against the Stuart Lumber Company, where the sheriff returned that he had " served the defendant, H. M. Graham, general manager of the " company, by leaving a copy of the writ " at his most notorious place of abode," a written motion to dismiss, filed at the appearance term, should have been sustained.

2.  In *Water Lot Company* v. *Bank,* 30 *Ga.* 685, where a somewhat similar return was sustained, the motion was made two years after the judgment, and the code has so changed the statute as to require that the writ be left at the place of business of the company, or be served personally on the officer or agent.

Argued June 10, — Decided June 29, 1903.

Complaint.    Before Judge Bower.    City court of Bainbridge. October 6, 1902.

*M. E. O'Neal, A. H. Russell,* and *R. W. Fleming,* for plaintiff in error.    *Hawes & Hawes,* contra.

LAMAR, J. Perry sued the Stuart Lumber Company. The sheriff made the following return: "I have this day served the defendant, H. M. Graham, general manager of the Stuart Lumber Company, with a copy of the within writ, by leaving it at his most notorious place of abode." At the appearance term the defendant filed a written motion to dismiss the petition for want of proper service, which motion, after argument, was overruled. From the language of the Civil Code, § 1899, and the decision in *Burnett* v. *Central Ry. Co.*, 117 *Ga.* 521, it would seem that the motion should have been sustained; but the plaintiff relied on the decision of this court in the case of *Water Lot Co.* v. *Bank*, 30 *Ga.* 685, where a return of service much like that in the present case was sustained. The difference, however, will appear on a close examination. There the motion was made to set aside judgments two years after they had been rendered. Here the motion to dismiss was at the first term. *W. & A. R. Co.* v. *Pitts*, 79 *Ga.* 532. Even if the *Water Lot* case was rightly decided, it is sufficient to say that it was made under the provisions of the act of 1845 (Cobb's Dig. 475), which provided for service on a corporation only by leaving the writ at the office of the company. Since then, and possibly because of that very decision, the law has been changed, and the code now provides for two methods of service, one by leaving the writ at the office of the company, and the other by serving an officer of the company, which latter we understand to mean personal service on the agent. At common law all service had to be personal. Leaving the writ at the residence of the defendant was not personal service, though it might be the equivalent thereof. There was good reason for the change made in the Civil Code, § 1899. Where the writ is left at its office, there is reasonable certainty that the notice thereof will be brought home to the company, and so also if it is handed personally to an officer; but, with the multitude of agents now employed by many corporations, there was every probability that notice of the service might not be received by the defendant if writs could be left at the residence of any one of its numerous agents; and hence the necessity and justice of stipulating that if the writ was not left at the office, it should be handed in person to the agent, instead of being left at the agent's home. This makes it unnecessary to consider whether the service on Graham was service on the company, and also whether the return should not have

shown that the defendant, the Stuart Lumber Company, had been served by handing a copy of the writ to Graham, the general manager thereof.    In this connection see *W. & A. R. Co.* v. *Pitts,* 79 *Ga.* 532; *Sou. Ry. Co.* v. *Hagan,* 103 *Ga.* 564; *Holbrook* v. *Evansville R. Co.,* 114 *Ga.* 4, and cases cited.

<div align="right">

*Judgment reversed.    All the Justices concur.*