ANDERSON, next friend, *v.* ALBANY AND NORTHERN RAILWAY COMPANY.

The only evidence of service of the bill of exceptions being an entry of an officer to the effect that he had left a copy of the same at the most notorious place of abode of a named officer of the corporation which was the defendant in error, the writ of error must be dismissed for insufficient service of the bill of exceptions.

Argued May 23, — Decided June 15, 1905.

Motion to dismiss the writ of error.

Anderson sued the Albany and Northern Railway Company, and the court granted a nonsuit. The plaintiff excepted. A motion to dismiss the writ of error was made on the ground that the bill of exceptions had not been served in the manner prescribed by law. The only evidence of service was an entry upon the bill of exceptions, of which the following is a copy: " I have this day served the Albany and Northern Railway Company with a true copy of the within bill of exceptions, by leaving such copy at the most notorious place of abode of J. S. Crews, who is the agent, vice-president, and general manager of the said Albany and Northern Railroad Company at Albany, Ga. This November 11, 1904.                         Wm. Godwin, Dpt. Shff."

*Walters & Walters,* for plaintiff.
*Hooper & Dykes* and *Pope & Bennet,* for defendant.

COBB, J. The code provides that within ten days after a bill of exceptions is signed and certified the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney. Where the opposite party is the State, or does not reside in the county where the bill of exceptions is sued out, and the same

can not be served personally upon the attorney, by reason of his absence from the county of his residence, service may be perfected by leaving a copy of the bill of exceptions at the residence of such defendant. Civil Code, § 5547. The express provision authorizing service by leaving a copy at the residence of the attorney in two instances only indicates that the legislative intent was that in other cases the service must be personal. In addition to this, at common law, service of writs was required to be personal; and therefore a statute providing for service should be construed to require personal service, unless the contrary intent plainly appears. A corporation may be served with process either by serving an agent personally, or by leaving the process at the public place of transacting the usual and ordinary business of the corporation. Civil Code, §1899. Process against a corporation served by leaving the same at the most notorious place of abode of an agent or officer is not good service. *Stuart Lumber Company* v. *Perry*, 117 *Ga.* 888. The only service made in the present case being by leaving a copy of the bill of exceptions at the most notorious place of abode of an officer of the company, the writ of error must be dismissed for insufficient service of the bill of exceptions. *Bank of Southwestern Ga.* v. *Tillman*, 94 *Ga.* 731. The ruling by two Judges in *Montgomery* v. *Walker*, 41 *Ga.* 682 (4), in so far as it may conflict with anything now ruled, is disapproved. See, in this connection, *Wostenholmes* v. *State*, 71 *Ga.* 669.

*Writ of error dismissed. All the Justices concur, except Simmons, C. J., absent.*