### LYONS v. WINTER.

ATKINSON, J. 1. The service of a bill of exceptions must be personal, except in those cases where another mode of service is expressly authorized by statute. *Anderson* v. *Albany & Northern Ry. Co.*, 123 *Ga.* 318.
2. In cases where the opposite party is the State, or the opposite party does not reside in the county and the attorney for the defendant in error can not be served personally, on account of his absence from the county of his residence, the statute expressly authorizes service to be made by leaving a copy at the residence of such attorney; but in no case is authority given to make service by leaving a copy at the residence of the defendant in error himself. Civil Code, § 5547, par. 2.

3. "Service of a bill of exceptions by the plaintiff in error or his attorney, or by any other person, if properly shown by affidavit, is valid." *Walter* v. *Kierstead,* 74 *Ga.* 18. The ruling made in *Henderson* v. *Henderson,* 7 *Ga.* 421, was founded upon the fourth section of the act organizing the Supreme Court, which required the service of a bill of exceptions by sheriff, constable, or attorney of the superior court. This section of the act was changed by the law as now contained in the Civil Code, § 5547.

*Writ of error dismissed. All the Justices concur, except Holden, J., who did not preside.*

Submitted June 6,—Decided November 12, 1907.

Motion to dismiss the writ of error.

*T. S. Lyons,* for plaintiff. *J. S. Reynolds,* for defendant.