# CHARLESTON.

## HARMAN v. APPALACHIAN POWER CO.

Submitted September 28, 1915. Decided October, 26, 1915.

1. TRIAL—*Submission of Interrogatories.*

    It is not erroneous to refuse to submit to a jury either of two interrogatories an affirmative answer to one of which would necessarily be a negative answer to the other and decisive of the issue. (p. 49).

2. APPEAL AND ERROR—*Harmless Error—Instructions.*

    Erroneous rulings respecting instructions are treated as harmless, if an answer to an interrogatory and an instruction given make it apparent that the jury has specifically found a fact conclusively giving the right awarded by their verdict. There is no exclusive test of harmless error. Anything conclusively showing lack of prejudice in the trial suffices. (p. 50).

3.  TRIAL—*Instructions—Numerical Preponderance of Witnesses.*
    Numerical preponderance of the witnesses in favor of one party, in the trial of an issue wholly dependent upon oral evidence, does not make it the duty of the court to instruct the jury to give credence to the greater number of witnesses; and instructions to do so, "all other things being equal," or the witnesses having "equal opportunities for seeing, equal accuracy in observation and memory and equal capacity and desire for telling the truth," are properly refused.   (p. 52).

Error to Circuit Court, Mercer County.

Action by Mary E. Harman against the Appalachian Power Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Sanders, Crockett & Kee,* for plaintiff in error.

*Robt. E. Scott* and *Russell S. Ritz,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment complained of is for damages for injuries to the plaintiff, alleged to have been occasioned by the negligence of the defendant in the operation of its street railway. She alleges and testifies that, on a certain day, after having boarded one of its cars and paid her fare, she requested the conductor thereof to stop the car and let her off at a certain church, and that, after it had stopped and while she was in the act of alighting, having one foot on the step and the other on the pavement, the car was suddenly started, in consequence whereof she was violently thrown to the pavement and her arm broken and other injuries inflicted.   In this statement, she is not sustained by the testimony of any other witness, but is contradicted by several who claim to have been present on the occasion of her alleged injury.   Nevertheless, the jury rendered a verdict in her favor for the sum of $500.00 and judgment was rendered thereon.

The assignments of error, relied upon in the argument, relate to rulings upon instructions given and refused, a request for a certain interrogatory and the motion to set aside the verdict.   Some of the instructions, as to which complaint is made, relate to the alleged contributory negligence

of the plaintiff, the principle matter of defense, and others to the method by which the jury should dispose of the conflict in the testimony. The interrogatory which the court refused to propound would have required the jury to say whether the car was in motion at the time the plaintiff stepped from it. Although refusing this one, the court granted another requiring the jury to say whether it had come to a stop before she endeavored to get off.

That the plaintiff fell in the street as she alighted from the car is put beyond question by the testimony. Whether she left it, while it was in motion or after it stopped, was the vital issue in the case and the only important one. Her testimony to the effect that it had stopped and had been so started again, is not inconsistent with any undisputed or established fact. While she is contradicted by ten other persons who say they witnessed the transaction, the conflict is limited to oral testimony. If what she states is correct, the statements of all the other witnesses are untrue. Most of them say the car did not stop at all at the place in question, but went on to the end of the line, not far distant from that point. All say she got off while it was moving, some that she stepped off and others that she jumped off. The conductor says he took her by the arm and endeavored to prevent her exit, and, in this, he is corroborated by some of the other witnesses. She denies it, saying he neither took hold of her nor warned her against alighting. The plaintiff's husband and another witness say the conductor told the former, on the day of the accident and shortly afterwards, she had stepped off of the car backwards after it had stopped.

Instruction No. 1, given for the plaintiff, after an apt hypothetical statement of her case, directed the jury to find for her, if they should believe she had proved it; and her instruction No. 2, that she was not required to exercise more care than is usual under similar circumstances, among careful persons of the class to which she belonged, in order to escape the defense of contributory negligence Instruction No. 4, given at the instance of the defendant, told them it was incumbent upon her to prove by a preponderance of the evidence, that she was injured in the manner charged in her declaration, the sudden starting of the car after it had

stopped, and that, if they should believe the car had not stopped at the time and place alleged by her, they should find for the defendant. Defendant's instruction No. 1, if given would have told them she had failed to prove a case of negligence; its instruction No. 2, to find 'for it, if they believed she had stepped off of the car, while it was in motion; and No. 3, that, if she undertook to alight while it was in motion, and was hurt in doing so, she was guilty of contributory negligence and could not recover. Instructions Nos. 5, 6 and 7, which the court refused to give, would have advised them that, all other things being equal, they should give credence to the greater number of witnesses. No. 7, descending into particularity, would have told them to give preference to the testimony of the ten witnesses, if they believed all of the eleven had equal opportunity for seeing, equal accuracy of observation and memory, and equal capacity and desire to tell the truth.

Defendant's instructions Nos. 2 and 3, should have been given. It was entitled to have its theory of defense stated to the jury as plainly and positively as the court stated to them the theory of the plaintiff. In the absence of peculiar circumstances, tending to excuse it, alighting from a moving car is contributory negligence as matter of law. *Hoylman* v. *K. & M. Ry. Co.*, 65 W. Va. 264; *O'Toole* v. *Railroad Co.*, 158 Pa. St. 106; *Walters* v. *C. & N. Ry. Co.*, (Wis.) 89 N. W. 140; Wood, Railroads, 1292; Hutch. Carriers, sec. 1180. Neither failure of the train to stop at the passenger's destination, nor its starting without allowance of time to get off, justifies the risk of injury in the attempt to get off, while it is moving. *McDonald* v. *Railroad Co.*, 87 Me. 466; *Simmons* v. *Air Line etc. R. Co.*, 120 Ga. 225. In this case, there were no excusing or justifying circumstances, calling for qualifying matter in the instructions. While a court is not bound to repeat instructions, it may do so, and reference in instructions given for one party, to theories of the other, should not be made a ground of refusal of explicit submission of such theories.

Though disapproving the refusal of these instructions, we are of the opinion that the error is not prejudicial, since the only real issue was the status of the car at the time of the

injury, and the jury specifically found it had stopped at the time of the attempt to alight, under an instruction which told them no verdict for the plaintiff could be rendered, unless they should so find. While it is apparent that a different verdict could have been found, in view of which a presumption of prejudice from an erroneous ruling ordinarily arises, it is, nevertheless, equally obvious that these errors could not have misled the jury. Their attention was directed to the sole issue in the case and they resolved it in favor of the plaintiff, as their answer to the interrogatory shows. Besides, they were emphatically advised that, otherwise, they could not find for the plaintiff. As to what is harmless error, there is no exclusive test. Anything conclusively showing lack of prejudice suffices. But for these two disclosures, the usual presumption would govern and compel the award of a new trial.

Refusal of the instructions pertaining to numerical preponderance of witnesses in favor of the defendant, is justified by the weight of judicial authority  Indeed, such instructions have seldom been approved and often disapproved. By a divided court, one was sustained in *Lillibridge* v. *Barber,* 55 Conn. 366. One applicable only to expert witnesses was approved in *Spensley* v. *Lancashire Ins. Co.,* 62 Wis. 453. Of course, such a preponderance is an element the jury may consider. *W. C. St. Ry. Co.* v. *Leiserowitz,* 197 Ill. 607; *West* v. *Wheatley,* 59 Ga. 559; *Georgia N. R. Co.* v. *Hutchins,* 119 Ga. 504; *Gage* v. *Eddy,* 179 Ill. 492. But a direction to the jury to make it decisive and controlling has been characterized as a distinct invasion of their province. *Bierbach* v. *Goodyear Rubber Co.,* 54 Wis. 234; *U. P. Ry. Co.* v. *James,* 56 Fed. Rep. 1001; *Jones* v. *State,* 13 Tex. 168; *Cain* v. *Penix,* 29 Ala. 374. Courts will not disturb verdicts merely because they are against the testimony of the greater number of witnesses. *Fulton* v. *Crosby-Beckley Co.,* 57 W. Va. 91; *Black* v. *Thomas,* 21 W. Va. 709; *Sheff* v. *Huntington,* 16 W. Va. 307; *Coalmer* v. *Barrett,* 61 W. Va. 237; *Whilton* v. *R. & D. R. Co.,* 57 Fed. Rep. 551. To direct a jury in advance, not to do a thing which, if done by them without such an instruction, the court cannot undo, would be palpably inconsistent and contradictory. In view of the many factors

that enter into the analysis of the testimony of witnesses, a thing peculiarly within the province of the jury, it would be an extremely delicate matter to direct them to adopt a particular conclusion as to the probative value of their oral evidence. Courts judicially know equality of witnesses in all respects, in a given case, is almost, if not quite, impossible, and it may well be doubted whether, in any case, there is evidence constituting a basis for an instruction submitting an inquiry as to the existence thereof. An instruction stating an hypothesis unsustained by evidence cannot properly be given.

Though differing in form, the two interrogatories were identical in substance. The car was either moving or not moving. There was no middle ground. The affirmative answer to the second would necessarily have been a negative one to the first, if both had been submitted, and vice versa. The ruling respecting them was not erroneous.

Characterization of one of the witnesses for the defendant, as "A million dollar corporation man," in the argument of counsel, was not a breach of the rules governing argument, for the witness, in his testimony, disclosed bias or prejudice in favor of corporations and against people seeking recoveries of damages from them, for injuries. He said he had made a memorandum of his observations at the time of the accident, "For the reason that most people when they happened to get mixed up with a corporation, whether they have any case of action or not, think the old man is rich and they can possibly get something out of him." The comment on this admission was clearly legitimate. Another remark to which exception was taken was merely explanatory of the plaintiff's testimony pertaining to a certain issue, the character of the stop made by the car. This contravenes no rule of practice. There is no occasion to say whether these remarks, if improper, would be cause for reversal.

Approval of the action of the court in refusing instructions Nos. 5, 6 and 7, renders it almost needless to say the motion to set aside the verdict was properly overruled. If there were conceded or undisputed facts in the case, necessarily fixing the brand of falsehood upon the testimony of the plaintiff, the law invoked against her in the briefs would be applicable and

compel us to set aside the verdict.  But there are no such facts.  All of the material facts and circumstances attendant upon the injury are involved in contradictory oral testimony. Slight inconsistency in the plaintiff's own testimony, as to the exact point at which the car stopped and as to the manner in which it started, whether with a jerk or in the usual way, is not controlling.  The exact point or location of the transaction is not essentially material.  It was an act of negligence on the part of the defendant to start the car while the plaintiff was in the act of alighting, whether it started with a jerk or not.  It is not physically impossible for her to have sustained such an injury as the breaking of an arm, by a fall occasioned by the starting of the car while she was in the act of alighting.  Nor does an obviously exaggerated claim as to the extent of internal injury condemn her testimony as false.  That goes merely to her credibility, a question lying peculiarly within the province of the jury  All of these matters went to the jury.  None of them are controlling or decisive in character, and they afford no warrant for the setting aside of the verdict.

Upon these principles and conclusions the judgment will be affirmed.

*Affirmed.*