ROBINSON *et al. v.* PENN MUTUAL LIFE INSURANCE COMPANY *et al.*

BECK, P. J.   1. The Penn Mutual Life Insurance Company, holder of certain deeds to lands in Dougherty County, Georgia, executed to secure the payment of money loaned by the company to one Kimzey, brought proceedings in Bibb County, Georgia, for the foreclosure of the instruments, obtained judgment at the first term of the court, and had the execution levied on the lands in Dougherty County. Robinson et al. filed an equitable petition against the insurance company, Kimzey, and the levying officer, setting up claim to the lands and seeking to enjoin the levy, alleging that they had been deceived and by fraud induced to make the deeds to Kimzey; that the deeds were infected with usury; that Kimzey represented to petitioners that if they desired to have a loan upon the lands he could negotiate the same for them, and petitioners applied for the amount of $1800; that they executed warranty deeds to Kimzey, but did not know the nature of the instruments, and thought they were making manual delivery of certain papers; that Kimzey gave bonds to reconvey the lands to petitioners; that Kimzey borrowed $2500 from the insurance company, but petitioners received only about $150 from the entire transaction, which they are ready and willing to pay into the court. The petition contained, among others, the prayer that the deeds from plaintiffs in error to Kimzey, and from the latter to the insurance company be declared void and ordered canceled; and there was also a prayer for general relief. Upon the trial of the case the court directed a verdict in favor of the insurance company against the petitioners, but in favor of the petitioners against Kimzey "as to the excess of the fund after payment of insurance company's fi. fa." A decree in accordance with this was directed. A motion for new trial was made by the petitioners, which was overruled, and that judgment was brought here for review. *Held,* that Kimzey was a necessary party to the bill of exceptions.

2. Kimzey did not reside in Dougherty County, but in Habersham County, Georgia. He was not made a party to the bill of exceptions expressly, and the only service upon him was made by the sheriff by leaving a copy of the bill of exceptions at Kimzey's residence. The entry of service contained no recital that Kimzey was absent from the county. Kimzey was a party to the proceedings and appeared for himself as attorney at law, as is shown by the record. *Held,* that the service of the bill of exceptions was insufficient. It was not good as service upon Kimzey as a party; for that must be personal. It was not good as service upon him as attorney, for it did not show that he was absent from the county of his residence; and it is only in case the attorney is absent therefrom that service upon him can be perfected by leaving a copy at his residence. Civil Code, § 6160; *Anderson* v. *Albany &c. Ry. Co.,* 123 *Ga.* 318 (51 S. E. 342); *Lyons* v. *Winter,* 129 *Ga.* 416 (59 S. E. 270); *Akerman* v. *Neel,* 70 *Ga.* 728. The motion to dismiss the writ of error must be sustained.

*Writ of error dismissed. All the Justices concur.*

No. 848.   FEBRUARY 14, 1919.   REHEARING DENIED FEBRUARY 24, 1919.

Writ of error; from Dougherty. Motion to dismiss.

*Milner & Farkas,* for plaintiffs.

*West & Dasher, R. J. Bacon,* and *W. H. Kimzey,* for defendants.