### 17996.　BENNETT, superintendent, etc., *v.* TAYLOR *et al.*

In an ordinary action in a city court where an entry of personal service upon an individual defendant is returned by the sheriff, and where the entry is traversed by the defendant at the first term of the court after the date of the entry, and the sheriff is made a party, and where, upon the trial of the issue so made, undisputed evidence discloses that the sheriff left a copy of the petition and process in question with a son of the defendant at the defendant's office (the office not being at the defendant's residence), the defendant being absent at the time and not having subsequently waived proper service, a verdict in favor of the traverse is demanded.

　　　　DECIDED MAY 11, 1927.

Process, 32 Cyc. p. 448, n. 41; p. 462, n. 81; p. 463, n. 92; p. 464, n. 93; p. 501, n. 24.

Traverse of service entry; from city court of Summerville—Judge Neal. February 14, 1927.

*Wesley Shropshire*, for plaintiff.

*Denny & Wright, E. S. Taylor*, for defendants.

BROYLES, C. J. The plaintiff in error brought suit in the city court of Summerville against Taylor and others on a promissory note. The sheriff returned an entry of personal service upon Taylor. At the first term of the court after the return, Taylor filed a traverse to the return and the sheriff was made a party. Upon the hearing of the issue thus made, the court directed a verdict in favor of the traverse, and such a verdict was returned by the jury. The plaintiff's motion for a new trial was denied, and to this judgment exceptions were taken. Upon the trial the only witnesses introduced were Taylor and the sheriff. Taylor testified as follows: "On the date of the alleged service I was in the city of Atlanta. On my return the next day I found a copy of the petition and process on my office table in the Chattooga County Bank. I am president of the bank and my office is in the bank. A day or so afterwards J. W. Alexander, the sheriff, came into my office. He asked me if Gene, who is my son, gave me the copy of the petition and process. I told him 'No,' but I said to him, 'I acknowledge that I got the copy.' I am positive that I used no other language, for I was laying for him, expecting this very thing." The testimony of the sheriff was as follows: "On June 11th I was sheriff of Chattooga county, Georgia. On that date, in the evening, I went to the office of John D. Taylor in the Chattooga County Bank, to serve the process. He was not in the office [but] his son and law partner [was]. I asked him if he would give the copy of the petition and process to his father. He said he would, and I delivered it to him. That night I got to thinking about it, so next day I went to the office of John D. Taylor in the bank. I asked him if he got the copy. He replied that he did. I understood him to say 'I acknowledge the service.' He might have used the exact language testified to by him but I didn't so understand it. Thinking the service satisfactory I made the entry."

"There are only two methods prescribed by the code for serving an ordinary process upon an individual defendant. One is personal service and the other is by leaving a copy at his 'most no-

48

torious place of abode,' in suits in a justice's court, and 'at his residence,' in cases in the superior and city courts, Civil Code, §§ 4717, 5563. The statutory method of service is exclusive, and such a defendant can not be served by leaving a copy 'at his office' unless his office is also his most notorious place of abode, or residence." *Fincher* v. *Hanson*, 12 *Ga. App.* 608 (2), 611 (77 S. E. 1068).

It is also well settled that where the testimony of witnesses is in apparent conflict, the testimony should be so reconciled, if possible, as to impute perjury to no witness. Under this rule it is clearly apparent that the testimony of Taylor must be accepted as the true version of the conversation between him and the sheriff, and it follows that Taylor's admission to the sheriff that he "got the copy" did not amount to a waiver of proper service. The case of *Johnson* v. *Johnson*, 52 *Ga.* 449, cited by counsel for the plaintiff, is easily distinguishable by its particular facts from the instant case. The direction of the verdict in favor of the traverse was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*