21975. ROBINSON *v.* BRYSON & SONS.

DECIDED JULY 14, 1932.

*H. Sol Clark,* for plaintiff in error. *A. L. Alexander,* contra.

SUTTON, J. (After stating the foregoing facts.) Ordinarily a defendant can not, by affidavit of illegality, go behind the judgment upon which the execution is based; but where the judgment is not merely voidable, but wholly void, an affidavit of illegality is a proper mode of attacking the execution issuing upon such judgment. *Planters Loan & Savings Bank* v. *Berry,* 91 *Ga.* 264 (18 S. E. 137); *Hilson* v. *Kitchens,* 107 *Ga.* 230 (33 S. E. 71, 73 Am. St. R. 119); *Kuhnen* v. *Burt,* 108 *Ga.* 471 (34 S. E. 125). So where there is no service, nor acknowledgment or waiver thereof, and no appearance by the defendant, the judgment is a nullity, and the defendant can take advantage thereof by an affidavit of illegality. *Parker* v. *Jennings,* 26 *Ga.* 140; *Duke* v. *Randolph,* 52 *Ga.* 523; *Dozier* v. *Lamb,* 59 *Ga.* 561; *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609); Civil Code (1910), § 5311. The defendant may attack the entry of service by way of traverse in his affidavit of illegality. *O'Bryan* v. *Calhoun,* 68 *Ga.* 215.

This brings us to determine whether there was such service on the garnishee in the instant case as to authorize the rendition of a judgment against him. Will service of a summons of garnishment personally upon the son of the garnishee, as the person in charge of the place of business of the garnishee, authorize the rendition of a judgment against such garnishee, where he fails to answer the summons and there was no waiver or acknowledgment of service by him?

Upon the making of the affidavit and bond required by law, it is the duty of the officer before whom the same is made, or any other officer authorized by the code to issue attachments, to issue a summons of garnishment, directed to the person sought to be garnished, requiring him to appear at the next term of the court where such

suit is brought, to answer the summons, and upon such summons being delivered to any officer authorized by law to levy an attachment, it shall be his duty to "serve such summons of garnishment upon the person to whom it is directed," if to be found in his county, and to make an entry of his actings and doings in the premises. Civil Code (1910), § 5269. The requirements imposed by statute as to service of the summons of garnishment must be strictly complied with. 28 C. J. 225, § 304; *Clark* v. *Chapman,* 45 *Ga.* 486; *Holbrook* v. *Evansville &c. R. Co.,* 114 *Ga.* 1, 4 (39 S. E. 937, 938). "The code requires that when a summons of garnishment is issued, the officer shall serve it upon the person of the garnishee; which we think means that it shall be served personally and not left at his residence or most notorious place of abode. This is done to give the garnishee actual notice of the summons, in order that he may obtain it in time and file his answer in accordance therewith. If left at his residence or place of abode in his absence, he might fail to receive it and fail to make answer, and a judgment would be rendered against him when he might not be indebted to the defendant in the suit or judgment." *Dooly* v. *Miles,* 101 *Ga.* 797 (29 S. E. 118).

At common law, service of writs was required to be personal; therefore a statute providing for service should be construed to require personal service, unless the contrary intent plainly appears. *Anderson* v. *Albany & Northern R. Co.,* 123 *Ga.* 318, 319 (51 S. E. 342). The general rule in regard to service of process or legal notice is that it must be served personally on the party or individual in question, unless some other mode is especially provided for that purpose by statute or has been established by long and recognized practice to the contrary. *Atwood* v. *Hirsch,* 123 *Ga.* 734 (51 S. E. 742). In *Baldwin* v. *Baldwin,* 116 *Ga.* 471 (42 S. E. 727), it was held that "If the legislature desires to make some other method of service sufficient, substituted service may be provided for by statute, as has been done in ordinary suits. In the absence of such a statutory provision, service by leaving a copy of the petition at the defendant's most notorious place of abode is not sufficient. Indeed it amounts to no service at all." Where the law provides for personal service and there is no personal service, there is no service at all. *Hobby* v. *Bunch,* 83 *Ga.* 1 (5) (10 S. E. 113, 20 Am. St. R. 301). As we have seen, the statute in this State provides for

service of the summons of garnishment upon the garnishee in person. So if there has been no service of this summons upon the garnishee in person, there has been no service thereof at all.

Leaving the writ at the residence of the defendant is not personal service. *Stuart Lumber Co.* v. *Perry,* 117 *Ga.* 888 (45 S. E. 251). Personal service means actual delivery of the process to the defendant in person and does not include leaving a copy at his usual place of abode, or his home, or at his office, or by delivery to some one else. *Water Lot Co.* v. *Bank of Brunswick,* 30 *Ga.* 685; *Hobby* v. *Bunch,* supra; *Bennett* v. *Taylor,* 36 *Ga. App.* 752 (138 S. E. 273). The delivery of this summons to the garnishee's son, as the person in charge of the former's place of business, is not service of the summons on the garnishee in person. *Bennett* v. *Taylor,* supra. Service upon an agent or attorney is not sufficient, except where the statute provides for service upon an officer or agent, such service then being personal service upon such individual. 50 C. J. 468, § 57. So we reach the conclusion that there was no personal service of this summons of garnishment upon the garnishee in this case.

It does not appear from the facts of this case that the garnishee had acknowledged or waived service of this summons of garnishment. In the case of *Bennett* v. *Taylor,* supra, the sheriff served the son and law partner of the defendant, and afterwards asked the defendant if he received the copy of the petition and process, and the defendant replied that he acknowledged that he got the copy, and it was there held that this did not amount to an acknowledgment or waiver of service, and that there had been no personal service upon the defendant.

We do not think that the garnishee waived service or was estopped from denying that he was served on this particular occasion by reason of the fact that he had previously answered other summons of garnishment served in the same manner as the one in this case.

Applying the above principles, we are of the opinion that the court below erred in dismissing the affidavit of illegality and traverse of the return of service in this case.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*