### 23327. MORGAN v. GREENBERG.

MacINTYRE, J.  1. There appears in the bill of exceptions an affidavit of the party making the service of the bill of exceptions on the attorney for the defendant in error that the same was not served on him personally, but was left at his office with his stenographer, which facts are admitted.  In view of the statute making *personal* service necessary, a motion to dismiss the writ of error must be sustained.  Civil Code, § 6160.  See also *Anderson* v. *Albany & Northern Ry. Co.*, 123 *Ga.* 318 (51 S. E. 342) ; *Lyons* v. *Winter*, 129 *Ga.* 416 (59 S. E. 270) ; *Robinson* v. *Bryson*, 45 *Ga. App.* 440 (165 S. E. 158) ; *Robinson* v. *Penn Mutual Life Ins. Co.*, 148 *Ga.* 793 (98 S. E. 463) ; *Cohen* v. *Blum*, 17 *Ga. App.* 737 (88 S. E. 809) ; *Presley* v. *Jones*, 139 *Ga.* 814; (78 S. E. 126) ; *Albritton* v. *Tygart*, 139 *Ga.* 231 (77 S. E. 28) ; *Gorman* v. *Central of Ga. Ry. Co.*, 141 *Ga.* 125 (80 S. E. 553).

2. Notwithstanding the further statement in the affidavit, that defendant's counsel has since that date acknowledged to him that he received the bill of exceptions, would make the service of the bill good, the writ of error must still be dismissed, as it does not affirmatively appear that he received the bill of exceptions within ten days from the certification by the trial judge.  Civil Code (1910), § 6160; *Rusk* v. *Hill*, 117 *Ga.* 722 (45 S. E. 42) ; *Thompson* v. *Hays*, 123 *Ga.* 110 (51 S. E. 33) ; *Vickers* v. *Sanders*, 106 *Ga.* 265 (32 S. E. 102) ; *Edmondson* v. *South Ga. Ry. Co.*, 115 *Ga.* 790 (42 S. E. 68).

3. From what is said above, the writ of error must be

*Dismissed.  Broyles, C. J., and Guerry, J., concur.*

DECIDED FEBRUARY 12, 1934.

*E. J. Goodwin, Aaron Kravitch,* for plaintiff in error.
*Emanuel Kronsladt,* contra.