27976.   FORDESH *et al.* *v.* RACKLEY, administrator, *et al.*

DECIDED MARCH 5, 1940.   REHEARING DENIED MARCH 26, 1940.

384

*John J. McCreary, D. L. Churchwell,* for plaintiffs.

*E. W. Maynard, Hall & Bloch, S. Gus Jones,* for defendants.

BROYLES, C. J.   A. T. Fordesh, a judgment creditor of W. J. Mathews, brought garnishment proceedings against Rupert L. Rackley of Miami, Florida, as administrator of the estate of George N. Mathews, and National Surety Corporation of New York, the surety on the official bond of the administrator, for the purpose of subjecting to plaintiff's judgment the distributive share of W. J. Mathews in said estate.   A summons of garnishment was addressed to "Rupert L. Rackley, Miami, Fla., Admr. of the estate of George N. Mathews, deceased."   Service on Rackley was attempted by serving the summons on a Macon, Georgia, agent of National Surety Corporation of New York.   Rackley, the nonresident administrator, filed a traverse to the return of service in which he denied the jurisdiction of the court.   The court sustained the traverse and dismissed the garnishment proceedings against Rackley, administrator of said estate.   No appeal from that judgment was taken.   Thereafter, Fordesh, under the same affidavit and bond used in the first summons, had another summons issued directed to "Rupert L. Rackley, of Miami, Dade Co., Fla., as administrator of the estate of Geo. N. Mathews, dec'd, as principal, and National Surety Corporation of New York, as surety, garnishee."   This summons was attempted to be served on both garnishees by serving it on the Macon, Georgia, agent of National Surety Corporation. Rackley again traversed the return of service, and the court sustained the traverse and dismissed him from the case, and the judgment was excepted to.   National Surety Corporation filed its answer of no indebtedness.   To this answer the plaintiff filed a traverse; the traverse was overruled, and exceptions to that judgment were filed.   The plaintiff also filed exceptions to the separate answers of the two garnishees on the ground that they should have filed one joint answer.   These exceptions were overruled and that judgment was assigned as error.

The material parts (so far as they affect the decision of this case) of the agreed statement of facts disclose: 1. That Rackley resides in Dade County, Florida, and that George N. Mathews at the time of his death resided in the same State and county.   2.   That the ad-

ministration of Mathews' estate was confined to the State of Florida, Rackley, as the administrator, prior to the issuance of the summons of garnishment here involved, having made a full accounting of all property of the estate which was in the State of Georgia, and he and his surety, National Surety Corporation, having been discharged from any liability in respect to the Georgia portions of the estate.  3. That National Surety Corporation has never had any joint control over the assets or checks or anything else in connection with said estate.  The corporation has no control of any kind of said estate.  4. That Rackley never authorized National Surety Corporation to do anything for him except to become surety on his bond as administrator of the estate of George N. Mathews. That the corporation has never been authorized by him to act as agent for him to accept service on summons of garnishment, or to act as agent for him upon whom a summons of garnishment could be legally served which would be legally binding upon him, Robert L. Rackley.

The controlling question in the case is: was the garnishee legally served?  "The courts of Georgia have no extraterritorial jurisdiction, and can not make a citizen of another State amenable to their process, or conclude him by a judgment in personam, without his consent; and where such a judgment was rendered in this State against a citizen of the State of Tennessee, upon whom no personal service of process was made within this State, and who did not appear, but who was served by a publication of summons, the judgment was void.  Pennoyer v. Neff, 95 U. S. 714 (2) (24 L. ed. 565); Dearing v. Bank of Charleston, 5 Ga. 497 (5) (48 Am. D. 300); Bank of Floral City v. Warnock, 144 Ga. 117 (2) (86 S. E. 249). . .  Garnishment proceedings are not valid unless the judgment upon which they are based is in personam, and not in rem.  20 Cyc. 980, and citations; Weston v. Beverly, 10 Ga. App. 261 (3) (73 S. E. 404)."  Ford v. Southern Ry. Co., 33 Ga. App. 24 (125 S. E. 479).  This court has further made the following rulings: "The Code requires that when a summons of garnishment is issued, the officer shall serve it upon the person of the garnishee, which means that it shall be served upon the garnishee personally. . .  If there has been no service of a summons of garnishment upon the garnishee in person, there has been no service thereof at all. . .  Personal service means actual delivery of the

process to the garnishee in person and does not include delivery to some one else at the garnishee's place of business; nor is delivery thereof to the garnishee's son or agent, as the person in charge of the former's place of business, service of the summons of garnishment upon the garnishee in person." *Robinson* v. *Bryson,* 45 *Ga. App.* 440 (165 S. E. 158). And in the *Robinson* case this court said: "Where the law provides for personal service and there is no personal service, there is no service at all. *Hobby* v. *Bunch,* 83 *Ga.* 1 (5) (10 S. E. 113, 20 Am. St. R. 301). As we have seen, the statute in this State provides for service of the summons of garnishment upon the garnishee in person. So if there has been no service of this summons upon the garnishee in person, there has been no service thereof at all. Leaving the writ at the residence of the defendant is not personal service. *Stuart Lumber Co.* v. *Perry,* 117 *Ga.* 888 (45 S. E. 251). Personal service means actual delivery of the process to the defendant in person and does not include leaving a copy at his usual place of abode, or his home, or at his office, or by delivery to some one else. . . The delivery of this summons to the garnishee's son, as the person in charge of the former's place of business, is not service of the summons on the garnishee in person. . . Service upon an agent or attorney is not sufficient, except where the statute provides for service upon an officer or agent, such service being then personal service upon such individual. 50 C. J. 468, § 57."

The Code, § 113-1219, providing that an administrator and his sureties shall be held joint and several obligors, and may be sued as such in the same action, and if the administrator is beyond the jurisdiction of this State the sureties may be sued, has no application to garnishment proceedings where personal service is required. Furthermore, our Code sections relative to bonds of nonresident administrators of property *within this State* can not be applied to this case for the reason that it is shown by the agreed statement of facts that, prior to the issuance of the summons, the nonresident administrator had been discharged as administrator of the Georgia estate, and he and his surety relieved of any and all liability in connection with that estate. We hold that the administrator had not been personally served with the summons of garnishment, and that none of the assignments of error is meritorious.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*