SOUTH SIDE ATLANTA BANK *v.* ANDERSON *et al.*

DUCKWORTH, Justice. 1. "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there shall be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served. In cases where such party is the State, or where such opposite party does not reside in the county where such bill of exceptions is sued out, and such bill of exceptions cannot be served personally upon the attorney of such opposite party by reason of his absence from the county of his residence, service may be perfected by leaving a copy of such bill of exceptions at the residence of such attorney." Code, § 6-911 (1, 2).

2. Except in the two instances mentioned in the preceding headnote, the service of a copy of the bill of exceptions must be personal. *Anderson* v. *Albany & Northern Railway Co.*, 123 *Ga.* 318 (51 S. E. 342); *Lyons* v. *Winter*, 129 *Ga.* 416 (59 S. E. 270); *Morgan* v. *Greenberg*, 48 *Ga. App.* 498 (173 S. E. 236).

3. "Service of the bill of exceptions, or due and legal waiver or acknowledgment of service, is essential to give this court jurisdiction of the cause." *Izlar* v. *Central of Georgia Railway Co.*, 162 *Ga.* 558 (134 S. E. 315); *Warnock* v. *Woodard*, 183 *Ga.* 367 (188 S. E. 336).

4. In an action for divorce and permanent alimony a receiver was appointed by the court for funds in a bank due to the defendant and the bank restrained from paying out such funds until the further order of the court. Thereafter, upon petition by the receiver and a hearing, the court ordered the bank to transfer such funds to the credit of the receiver. In a bill of exceptions brought to this court the bank assigns error upon such order, naming as parties defendant the plaintiff wife, the receiver, and the husband, a non-resident not represented by counsel, a supersedeas being granted by the court until the case shall have been passed upon by this court. The only evidence as to service upon the resident defendants is an affidavit attached to the bill of exceptions in which counsel for the bank deposes that "he has this day [within ten days after the date of the signing of the bill of exceptions] served a copy of the bill of exceptions attached hereto, personally, upon W. O. Slate, the receiver, and left at office of Thomas J. Lewis, counsel of record for the plaintiff, Mrs. Evelyn Anderson (the two resident defendants in error), the same being served on November 7th, 1945." *Held*: The plaintiff wife, being interested in sustaining the judgment in question, was properly made a party defendant in the bill of exceptions, but it was also necessary, to give this court jurisdiction, that she or her counsel be personally served with a copy of such bill of exceptions or that service be waived or acknowledged, no facts existing which would authorize perfection of service otherwise. The only evidence as to service being the aforementioned affidavit of counsel for the plaintiff in error, showing that service was attempted upon an indispensable party in this court, the plaintiff wife, by leaving at the office

of her counsel some unnamed document or paper, even if such recital be construed to mean that a copy of the bill of exceptions was left at the office of such counsel, this would not, under the above stated principles of law, constitute legal service, and, accordingly, the writ of error must, on motion, be dismissed.

*Writ of error dismissed. All the Justices concur.*

No. 15385. FEBRUARY 20, 1946.

*Drennan & Brannon,* for plaintiff in error.

*Thomas J. Lewis,* contra.

