## 36596. EAST *v.* LOUIS BRIGGS CONSTRUCTION COMPANY.

DECIDED APRIL 3, 1957.

*Westmoreland & Thornton*, for plaintiff in error.
*Sell & Comer*, contra.

FELTON, C. J. Bob East, doing business as Bob East Flooring Company, procured a judgment against John C. Hambrick. An execution was issued on said judgment and a garnishment issued

thereon in which "Louis Briggs Construction Company" was named garnishee. The officer serving the summons of garnishment entered the following return of service: "I have this day served summons of garnishment on the within affidavit and bond personally on Louis Briggs Construction Company, by handing the same in person to M. J. Wood, agent in charge of the office at Macon, Georgia." The garnishee filed no answer and subsequently a default judgment was entered against said garnishee. An execution was issued on this latter judgment, and levy was made on the property of Louis Briggs Construction Company. Louis Briggs filed an affidavit of illegality with the levying officer, posted the appropriate bond and filed a traverse to the return of service of the summons of garnishment. The court after a hearing found in favor of the affidavit of illegality and traverse and declared the execution issued on the default judgment against the garnishee void and of no effect. Bob East excepts to the judgment.

It was undisputed that Louis Briggs is an individual and did business under the registered trade name of Louis Briggs Construction Company.

Code § 46-105 provides that a service of summons of garnishment should be made upon the person to whom it is directed. "Personal service means actual delivery of the process to the defendant in person and does not include leaving a copy at his usual place of abode, or his home, or at his office, or by delivery to someone else. *Water Lot Co.* v. *Bank of Brunswick,* 30 *Ga.* 685; *Hobby* v. *Bunch,* [83 *Ga.* 1, 10 S. E. 113, 20 Am. St. R. 301], supra; *Bennett* v. *Taylor,* 36 *Ga. App.* 752 (138 S. E. 273). The delivery of this summons to the garnishee's son, as the person in charge of the former's place of business, is not service of the summons on the garnishee in person." *Robinson* v. *Bryson & Sons,* 45 *Ga. App.* 440, 444 (165 S. E. 158). The fact that an individual does business under a trade name does not authorize service other than personal. In *McCall* v. *Kliros,* 76 *Ga. App.* 89 (45 S. E. 2d 72), personal service was actually made on the defendant, and the holding in that case is not contrary to what has been said above.

474

The court did not err in sustaining the affidavit of illegality and traverse of service, and in declaring the execution to be void and of no effect.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*