[No. 7431. Decided December 19, 1908.]

W. H. B. THOMAS, *Respondent*, v. W. N. FOS, *Appellant*.[1]

WITNESSES—CALLING ADVERSE PARTY—REBUTTAL. Bal. Code, §§ 6008, 6012, expressly authorize the examination of the adverse party as a witness, and the rebuttal of his evidence by adverse testimony, although he was called as the party's own witness at the opening of the trial.

APPEAL — REVIEW — HARMLESS ERROR—TRIAL — INSTRUCTIONS — STATEMENTS OF COUNSEL. It is not prejudicial error for the court to instruct that the jury are not to consider statements of counsel as evidence "unless it corresponds with your memory of the evidence as you heard the witness detail it," where the jury had been instructed that the case must be decided upon the testimony detailed upon the witness stand, and could not have been misled.

TRIAL—ARGUMENT OF COUNSEL—REPLY. It is not prejudicial error to fail to restrict the reply argument of counsel to matters already commented on, where the court in ruling upon the objection stated that if the rules were transgressed he would give an opportunity to reply, and no request was made for leave to answer.

DISCOVERY—SUBPOENA DUCES TECUM—FAILURE TO PRODUCE PAPERS —PRESUMPTION—QUESTION FOR JURY. The failure of a party to produce evidence within his possession, in compliance with a subpoena

[1]Reported in 98 Pac. 663.

*duces tecum*, raises the presumption that they are what the adverse party claims them to be; and it is proper to so instruct the jury, and to instruct that it is for the jury to determine whether he complied with the subpoena.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 15, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover for services rendered. Affirmed.

*Will H. Thompson*, for appellant.
*Charles M. Baxter*, for respondent.

HADLEY, C. J.—This is an action to recover the sum of $1,535, alleged to be due to the plaintiff from the defendant as commission for assisting to make sales of various pieces of real estate. The plaintiff alleged that he was employed by the defendant for the purpose of listing property for sale, and also to assist in selling property so listed with the defendant in connection with the latter's real estate business; that, by the terms of the employment, the defendant promised to pay to the plaintiff twenty per cent of all profits and all commissions received by the defendant from the sale of any and all property so listed by the plaintiff, and thirty-three per cent of all profits and commissions received by the defendant from the sales of any property listed with the defendant when the plaintiff assisted in making the sales. The defendant denied the existence of the above arrangement, and the cause was tried before a jury, resulting in a verdict for the plaintiff in the sum of $360. Judgment was entered for the amount of the verdict, and the defendant has appealed.

It is assigned that the court erred in permitting the respondent to contradict the evidence of his own witness, and of similar effect is another assignment of error that the respondent was permitted to introduce evidence of contradictory statements made by his own witness out of court. The witness referred to was the defendant in the case, the ap-

pellant here. He was called by the respondent at the opening of the trial, and was interrogated concerning the arrangement between himself and the respondent. As an adverse party, the respondent had the right to call appellant to testify, under our statute, Bal. Code, § 6008 (P. C. § 968), which is as follows:

"A party to an action or proceeding may be examined as a witness, at the instance of the adverse party, or of one of several adverse parties, and for that purpose may be compelled in the same manner and subject to the same rules of examination as any other witness to testify at the trial, or he may be examined on a commission."

Section 6012 of the same chapter of Bal. Code (P. C. § 972), also provides as follows:

"The testimony of a party, upon examination at the trial, or by deposition, or upon interrogatories filed, may be rebutted by adverse testimony."

As we view the statute, there is barely room for interpretation. Its terms are so explicitly and plainly stated that we find it difficult to make an argument upon it. Respondent had the undoubted right under the statute to rebut the testimony of appellant, an adverse party, by adverse testimony, notwithstanding the fact the witness had been called to the stand by respondent. *Denny v. Sayward,* 10 Wash. 422, 39 Pac. 119; *Sawdey v. Spokane Falls & N. R. Co.,* 30 Wash. 349, 70 Pac. 972, 94 Am. St. 880.

In the last-cited case the court said:

"Answers to interrogatories are in the nature of admissions. While the party calling for them may put them in evidence for the admissions they contain, he is no more bound by their statements against his interest than he is bound by the statements of a witness he may call, and who may testify in part against his interest. He can still introduce evidence contradictory of such statements, and leave it to the jury to determine wherein the truth lies. Moreover, the right to contradict answers to interrogatories, though introduced by the party calling for them, is expressly granted by statute. Bal. Code, § 6012 (P. C. § 972)."

Inasmuch as the statute applies the same rule to a witness examined either at the trial or upon interrogatories, it will be seen that the effect of what the court said as quoted above was to pass directly upon the question· raised here. We think, without regard to the authorities cited by appellant from other jurisdictions, our statute governs the question here, and inasmuch as the same statute was long since interpreted against appellant's contention, it must be so held now.

It is urged that it was error to use the following words in an instruction to·the jury:

"Statements made by counsel in arguments to the court upon the evidence or arguments to you as to what the evidence is are not to be considered as evidence by you, unless it corresponds with your memory of the evidence as you heard the witness detail it."

Appellant's argument is that the above authorized the jury to consider the statements of counsel as evidence. The phraseology is slightly indefinite, but it was expressly said that statements of counsel are *not* to be considered as evidence. The phrase following "unless it corresponds with your memory of the evidence as you heard the witness detail it," had the effect, taken together with the previous phrase, of giving the impression to the ordinary mind that the jury should not even regard statements of counsel as to what· they claimed the evidence to be unless the jurors so remembered it. The court had just told the jury that "the case must be decided upon the testimony which has been detailed upon the witness stand." We think, considering the whole context, that the jury could not have been misled by any such interpretation of the instruction as is now urged by appellant.

It is next assigned that the court erred in permitting respondent's counsel, in the closing argument to the jury, to state that certain receipts given in evidence had in fact been signed by respondent in blank, leaving blank places for the

date, name, and amount. It is contended that the purpose of counsel in making the argument was to leave the impression with the jury that appellant had been guilty of forgery in filling up receipts after they had been signed, and attempting to bind respondent without his consent by the insertion of matter unknown to him; whereas, it is insisted that no such testimony had been given in the case. We think there was such testimony in the record as warranted some comment along the lines indicated; but counsel insists that, as the comment had not been made before the reply argument, he had no opportunity to answer it. At the time appellant's counsel objected to the argument, the court instructed the jury and addressed counsel as follows:

"Gentlemen of the jury, you understand you are the judges of what the testimony is, and unless counsel's statement of the testimony agrees with your memory of what the testimony is you are not to consider what counsel says. It is not for the court to tell you what the testimony is; it is for you to determine that. It is a difficult matter to confine counsel to a reply argument. I will say this, however, that if Mr. Baxter's argument, after his argument is closed, if I think he has transgressed the rules the court has laid down I will give you an opportunity to reply, Mr. Thompson."

The record does not disclose any subsequent application by appellant's counsel for leave to answer this part of respondent's argument, and under such circumstances we think there was no reversible error.

A subpoena *duces tecum* was issued to appellant, requiring him to bring into court all written instruments and papers connected with the transaction. On this subject the court instructed the jury as follows:

"It is claimed by the defendant that he has produced all the documents which he has touching matters in controversy in this case. It is for you to determine from the evidence whether he has complied with this subpoena or not; and if you find from the evidence that the defendant has complied with the subpoena and has produced all of the written instruments and papers connected with the transactions men-

tioned in the complaint and in the answer, then of course no penalty is to be suffered by him at this trial. But if you should find from the evidence that he has failed, neglected or refused to bring into court all the instruments and papers connected with the transactions mentioned in plaintiff's complaint and mentioned in the answer to this case, which he had in his possession and under his control at the time this subpoena was served upon him, the 8th day of January, 1908, then the law will presume, it will be your duty to presume, that such instruments which he failed to produce, are such as the plaintiff claims them to be."

The instruction does not assume that any evidence was in fact withheld, but leaves the jury to find if such was the fact, and then states what the rule is, if they so find. We think the statement of the rule is substantially supported by the following and cases there cited:

"From the failure of a party to produce evidence within his control, and which it is his duty to produce, a presumption or inference arises that if the evidence were produced it would be unfavorable to him; and this rule has been applied equally in criminal as in civil cases. The principle is frequently applied in cases in which documentary evidence is withheld by a party, especially where the party has had notice to produce documents in his possession; and it has been held that the rule applies fully where the party withholding a document is a corporation. The enactment of statutory provisions to compel a party to produce documentary evidence in his possession does not prevent unfavorable inferences or presumptions from the refusal of a party to produce such evidence. No unfavorable presumption can arise from the withholding of documents if such documents would not be admissible in evidence in favor of the party claiming advantage of the presumption; and it has been held that unless the party desiring the production of documentary evidence gives notice to the party in whose possession it is to produce it, no unfavorable presumption or inference can arise from its nonproduction." 22 Am. & Eng. Ency. Law (2d ed.), pp. 1257, 1258.

We find no reversible error, and the judgment is affirmed.

FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.