# CHARLESTON.

## STATE *v.* HERBERT OWENS.

Submitted March 25, 1924.   Decided April 22, 1924.

1. CRIMINAL LAW—*Abstract Instructions Should Not be Given.*

   Instructions to the jury on the law, abstract, and making no reference to the facts, and therefore defective in form, should not be given. (p. 312).

2. SAME—*Instruction to Disregard Argument of Counsel in Conflict With Jury's Recollection of Evidence Misleading.*

   An instruction to the jury, telling them in effect that they should give no consideration to the statement of counsel in argument as to what the evidence in the case proved, if it conflicted with their recollection of the evidence as they heard it detailed before them, is erroneous, and misleading, and if given, will generally constitute reversible error. (p. 313).

3.   SAME—*Rejection of Instructions Substantially Covered by*
     *Those Given Not Reversible Error.*

     Rejection of instructions substantially covered  by   others
     given, constitutes no reversible error.  (p. 314).

4.   SAME—*Refusal to Instruct Jury is Sole Judge of Weight of*
     *Evidence, Where Evidence Conflicting, Reversible Error.*

     Where the facts to be determined by the jury depend solely
     on the conflicting testimony of the witnesses, it constitutes
     reversible error on the part of the trial court to decline to
     instruct them, when requested, that the credibility of the
     witnesses is a question exclusively for the jury, and that
     when they have testified directly opposite to each other, the
     jury are not bound to determine the facts on the side of
     the greater number, but may determine from their appearance
     on the stand, their manner of testifying, their apparent candor
     and fairness, their apparent intelligence or lack of intelli-
     gence, and from all other surrounding circumstances appear-
     ing on the trial, which of them are more worthy of credit, and
     to give credit accordingly.  (p. 314).

Error to Circuit Court, Wood County.

Herbert Owens was convicted of unlawfully and feloniously
owning, operating, maintaining, possessing, and having an
interest in a moonshine still, and he brings error.

*Reversed; verdict set aside; new trial awarded..*

*Chas. E. Hogg* and *William Beard,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* As-
sistant Attorney General, for the State.

MILLER, JUDGE:

To the judgment below imposing upon defendant a fine of
$500.00 and costs, and that he be confined in the penitentiary
for two years, for the offense for which he was indicted and
found guilty by the jury, we awarded him the present writ
of error.

The indictment charges defendant with unlawfully and
feloniously owning, operating, maintaining, possessing and
having an interest in a moonshine still as defined in the
statutes relating to such offenses; and the verdict was guilty
as charged.

· The only evidence connecting defendant with the moonshine still in question was that of James S. Anderson, in whose possession the still, with 125 gallons of mash, was found, when he had been previously arrested, and who, on his own confession of guilt, was at the time of this trial serving a jail sentence for some offense connected with the still or mash captured from him. The trial in the present case was begun on February 27, 1923. Mrs. Anderson, then 22 years of age, testified that Owens brought the still to her house on Christmas a year before the trial, which would make it December 1921. Anderson was arrested and the still and mash seized, according to the testimony of the officers, in October, 1922, a little less than a year after the time Owens is accused by Anderson and wife of having brought the still and some mash to their house. Anderson himself says it was in March before his arrest in October, 1922, that he moved onto the farm where he was arrested. Owens swears that he had no interest in the still or mash, and had never had any interest in them; that he had not taken the still or mash to Anderson's house at any time, and in fact had never seen the still until it was produced at the trial.

Anderson and his wife do not agree in their testimony as to the alleged agreement with Owens. Anderson says that he had no interest as owner in the still, but that it belonged to Owens, and that his agreement with Owens was to operate the still on a fifty-fifty basis. His wife says that the agreement was that her husband was to pay Owens for the still by turning over to him two gallons of whiskey, and that Owens had received the whiskey in one gallon lots shortly after the transaction. If this was the fact, Owens thereafter had no interest whatever in the still. After thus having paid for it, it belonged to Anderson solely; and Mrs. Anderson says that after Owens got his whiskey, Anderson made whiskey on the still right along.

As already stated, Anderson was serving a jail sentence when he testified. If he either owned, operated or maintained the still found in his possession, as he admits, he was guilty of a felony as provided in section 37 of chapter 32A of the Code. It is likely that for some reason he was indicted for

or confessed to the offense of having in his possession mash or moonshine liquor, a misdemeanor and not a felony, and for some reason allowed to go acquit of the graver offense. We make reference to this fact because of its important bearing on the testimony of Anderson and his wife, solely relied on for conviction in this case, and on the evidence of Owens in his defense, that when he was arrested on the accusation or information of Anderson and put in the same room in the jail, he inquired of Anderson why it was that he had connected his name with this affair, and that Anderson replied that Daugherty, the prohibition officer who arrested defendant, had said to him that "if he would lay the blame for this still onto him, he, Anderson, would get out of it." Anderson, on his cross-examination, was asked by defendant's counsel, whether he had not so stated to defendant at the time and place mentioned; and his answer, which we think rather significant, was as follows: "No, sir! I didn't tell Mr. Owens that. *Not to my recollection.*" Yet the fact was that he was then in jail, a confessed felon, serving a jail sentence only, and a witness for the State, endeavoring to convict Owens of a felony, with not a particle of other evidence except that of Anderson and his wife, itself conflicting in more than one instance. When Owens' premises were searched, not a drop of liquor of any kind, not a pound of mash, nor a single piece of material connected with a moonshine still was found in his possession; nor was a single disinterested witness produced who would state that he ever sold, gave away or had in his possession any moonshine liquor, or owned or had in his possession a still or other materials of any kind to make liquor. Of course it was for the jury in the first instance to pass upon the question of defendant's guilt, upon the evidence and proper instructions by the court applicable thereto; but we have thought it proper to thus refer to these significant facts in the evidence before proceeding to dispose of the points of error assigned and relied on here to reverse the judgment.

The first point of error assigned, relating to the rejection of certain of the evidence of one John Andrews, seems to have

been abandoned on the hearing here, and we will not under-take to make any response thereto.

The remaining points involve the giving and refusing of instructions to the jury. Instructions numbers 1, 2 and 3 on behalf of the State, were given, and excepted to by defendant. Of the sixteen instructions proposed by defendant, number 16 was withdrawn. Numbers 2, 4, 7, 8, 9, 10, 12 and 15 were given; and numbers 1, 3, 5, 6, 11, 13 and 14 were rejected.

Two additional points, not assigned in the petition for the writ of error, are now urged in connection with the second point made in the petition and in the brief of counsel. The first of these additional points is that State's instructions numbers 1 and 2 should not have been given, because abstract, and because of the doubtful and conflicting evidence on the material questions in the case, they were calculated to mislead the jury by suggesting that there was sufficient evidence to convict, wherefore highly prejudicial to defendant. Instruction number 1 said to the jury, that if after considering all the evidence, they believed beyond a reasonable doubt that defendant either owned, maintained or possessed, or had an interest in a moonshine still, as charged in the indictment, then they should find him guilty of a felony as charged therein. Number 2 undertook to define to the jury in the language of the statute, section 37 of chapter 115, Acts 1921, what a moonshine still was, without any reference to the facts in the case. Mrs. Anderson had testified that the boiler of the still in question, the one she had said defendant had brought to her house, had been up there all the time, never had been taken away until Anderson was arrested. Anderson had sworn that he had taken it to Parkersburg, and had it repaired, as requested by Owens, and that the latter had given him four or five dollars to pay for the repairs, which Owens denied; and that Owens had taken the still away once or twice to allow some one else, not named, to run off some liquor, and then had brought it back, also denied by Owens. When asked on her cross-examination, with reference to her testimony before the examining justice, whether on that occasion she had not said that her husband had brought that

boiler to their then residence when they moved there, Mrs. Anderson answered: ''Not that one; he had two of them out there.''

It is argued with respect to these two instructions, and to this evidence, and with reference also to the testimony of Anderson as to what part he claimed Owens took in running off the liquor which he says defendant got, that it showed or tended to show only that Owens aided and abetted Anderson in operating the still, an offense for which he was not indicted. Wherefore, and because the evidence is conflicting and very close on the facts, the rules and principles laid down in *Parker* v. *Nat. Mut. Bldg. & Loan Asso.*, 55 W. Va. 134, and other authorities cited are applicable, namely, that when such is the state of the evidence, the instructions to the jury should be accurate, and the law correctly laid down with reference to the facts which the evidence tends to prove, and not in the abstract, and if not, non-observance of this rule will constitute reversible error. In accordance with the rule in the Parker case, we decided in a more recent case, *Ross* v. *Lake & Export Coal Corp.*, 92 W. Va. 229, that an instruction stating in abstract terms law applicable to the facts in the case, as the jury may find them from the evidence, but making no express reference to the evidence or to the case in any way, is defective in form, but the error does not necessarily constitute good ground for a new trial. In the case last cited we affirmed the judgment below setting aside the verdict of the jury, on the ground that where the evidence is so indefinite and uncertain as to the amount of damages found by the jury, great respect should be given to the judgment of the trial court. It is not necessary for us to decide in this case whether or not the defect in form of these instructions would constitute reversible error for the reasons urged in this case, for we propose to reverse the judgment on other grounds soon to be stated; we simply call attention to the error, so that on the new trial to be awarded it may not be repeated.

The State's instruction number 3 told the jury that they must decide the case upon the testimony which had been detailed upon the witness stand; that statements of counsel in argument to the court, or to them, as to what the evidence

was, were not to be considered as evidence by them, unless it corresponded with their recollection of the evidence as they heard the witnesses detail it before them. An instruction in substance like this one was approved in *Thomas* v. *Fos*, 51 Wash. 250, 98 Pac. 663, but we condemned it in our case of *State* v. *Padgett*, 93 W. Va. 623, 117 S. E. 493; and what Judge LIVELY says in that case by way of condemnation, and the reasons for it applies with equal force in this case. And while we did not conclude to reverse that case on this error in the trial, we are disposed in this case to rest our judgment in part on that error. The right to have counsel and to be heard through them, in every criminal case at least, is a constitutional right which can not be abrogated or taken away by instructions or otherwise.

We have examined defendant's instructions numbers 3, 6, 11, and 13, rejected. Numbers 3 and 6 are substantially covered by number 9, given. Their denial therefore constitute no reversible error. Likewise also with respect to number 13, we find it substantially covered by numbers 14 and 15, and the court committed no error in rejecting it.

But as to instruction number 11, we are of opinion that the trial court erred in rejecting it. The matter of that instruction was not covered by any other given. It covered a very vital point in the case, and very applicable to the evidence before the jury. It was as follows: "The court further instructs the jury that the credibility of the witnesses is a question exclusively for the jury, and that where a number of witnesses testify directly opposite to each other, the jury is not bound to find the defendant guilty solely because the State has the greater number of witnesses. The jury have the right to determine from the appearances of the witnesses on the stand, their manner of testifying, and their apparent candor or fairness, their apparent intelligence or lack of intelligence, and from all other surrounding circumstances appearing on the trial, which witnesses are more worthy of credit, and to give credit accordingly."

The character of the testimony of the witnesses and the other facts disclosed by the record, made the proposition covered by this instruction quite pertinent. We think it pro-

pounds the law correctly, and it should have been given substantially as requested. *State* v. *McCausland,* 82 W. Va. 525; *Harman* v. *Appalachian Power Company,* 77 W. Va. 48.

The judgment below will be reversed, the verdict set aside, and a new trial awarded defendant.

*Reversed; verdict set aside; new trial awarded.*