MARY M. WEESE *v.* HOWARD ROSENCRANCE

(No. 8117)

Submitted November 5, 1935. Decided November 12, 1935.

*E. L. Maxwell,* for plaintiff in error.
*Stanley Bosworth* and *A. E. Fiorentino,* for defendant in error.

MAXWELL, JUDGE:

This is a bastardy proceeding of Mary M. Weese against Howard Rosencrance. Though the defendant denied sex relations with the plaintiff, a jury ascertained that he was the father of the child born to her June 22, 1931. Following the verdict, the court entered judgment requiring the defendant to make definite monthly payments for the maintenance, education and support of the child until it reaches the age of twenty-one years. To that order the defendant has been awarded writ of error.

The plaintiff, in her testimony, fixed the time and place at which, on a single occasion, she accepted the defendant's sexual embrace. The testimony of several of his witnesses tends to support his statement that at the time stated by her he was staying at a road construction camp several miles distant.

The defendant urges that the giving by the court of instruction No. 5 tendered by the plaintiff constituted prejudicial error, necessitating reversal. The instruction reads: "The court instructs the jury that when the evidence will sustain a verdict of guilty the jury may disregard, if they think fit, the alibi testimony, although the latter is complete and covers the whole time the offense was committed."

The instruction seems to have been adapted from language used by this Court in the opinion in the case of *State* v. *Winans,* 100 W. Va. 418, 421, 130 S. E. 607. The effect of the statement there made is that the jury may disregard alibi testimony if they believe that the whole evidence is sufficient to establish the guilt of the accused. That such is a correct abstract statement there can be no doubt, but statements proper for opinions are not always proper for instructions. *Thomas* v. *Snow,* 162 Va. 654, 174 S. E. 837, 840.

This Court has had occasion to remark with great frequency in respect of abstract instructions. A trial court may always with impunity refuse them. The giving of such instruction may or may not involve prejudicial error. If they are such as not probably to mislead the jury, they will not afford basis for reversal. *State* v. *Thomas,* 110 W. Va. 192, 157 S. E. 162. The rule is otherwise if they are calculated to mislead. If the court can determine that the giving of an abstract instruction has confused or misled the jury, the judgment resulting from the verdict will be reversed. *Parker* v. *Bldg. & Loan Ass'n.,* 55 W. Va. 134, 46 S. E. 811; *State* v. *Owens,* 96 W. Va. 308, 313, 122 S. E. 909; *Morrison* v. *Roush,* 110 W. Va. 398, 158 S. E. 514. In ascertaining whether such determination can be made in a given case, the court must look to the entire record, and, particularly, to other instructions given to the jury.

Applying that test at bar, we ascertain, first, that no reason

appears why the jury were not warranted in giving credence to the testimony of the complainant rather than to the testimony of the defendant. The matter of weighing and appraising the conflict of testimony was within the jury's primary province. Secondly, in considering the other instructions given, we observe that at the instance of the respective parties the jury were fully and fairly instructed on the basic principles involved, for example, that if they believed from a preponderance of the evidence that the defendant is the father of the complainant's bastard child, they should find him guilty; that complainant must make out her case by a preponderance of the evidence, but that in so far as the defendant attempts to prove an alibi the burden thereof rests upon him; that the jury are the sole and exclusive judges of the evidence and the credibility of the witnesses; that unless the plaintiff has proven her case by preponderance of the evidence, the jury should find the defendant not guilty; that, inasmuch as plaintiff had fixed September 24th or 25th, 1930, as the only date on which she ever had sexual intercourse with the defendant, the jury should find him not guilty unless they believe from a preponderance of the evidence that such intercourse was had between the parties on one of the dates indicated.

With the stated background of evidence and instructions, we would be at a loss for justification of an assertion by us that the alibi instruction had confused or misled the jury. We are impressed that the thought it conveys is, where on the whole evidence the jury are convinced of the defendant's guilt, his alibi defense may be disregarded. Though an instruction framed along the line just indicated would be of a more generally accepted type, we are unable to condemn as essentially prejudicial the instruction in the form given.

We therefore affirm the judgment of the trial court.

*Affirmed.*