### 3278. McCORD *v.* HILL.

HILL, C. J. 1. The petition in a bail-trover suit described specifically each article of property sought to be recovered, but failed to give the value of each article, giving the aggregate value of all the articles described. *Held*, that the value of the articles was sufficiently stated, and a demurrer to the petition because the value of each separate article was not given was properly overruled.

2. The property sought to be recovered in a bail-trover suit was transferred to the plaintiff by the defendant as security for the payment of a promissory note, under § 3306 of the Civil Code (1910). On the trial the defendant offered to prove that before the note matured, and before any demand was made on him for the delivery of the property sued for (several head of cattle), the cattle had died, and that this fact was known by the plaintiff when he brought the suit; and the trial judge refused to allow the proof. *Held*, error. To maintain trover, the plaintiff must show title, or the right of possession, in himself, and possession or conversion by the defendant. The testimony offered was competent evidence to disprove both possession and conversion by the defendant. Civil Code (1910), § 4483.

3. The above is true although the defendant had agreed, in the written contract, to take all risks of injury to or death of the property transferred, and agreed that if the note was not paid at maturity, the plaintiff could sue for recovery of the property, "by bail-trover or otherwise." The essentials of a trover suit are given by the statute, and can not be enlarged by agreement.

4. The plaintiff's remedy was suit on the note.            *Judgment reversed.*

DECIDED JANUARY 15, 1912.

Trover; from city court of Washington—Judge Wynne. February 13, 1911.

*F. H. Colley,* for plaintiff in error, cited: 4 *Ga. App.* 733 (4), 739; 111 *Ga.* 668-72; 117 *Ga.* 161; 118 *Ga.* 543.

*W. A. Slaton, F. W. Gilbert,* contra, cited: 7 *Ga. App.* 354, 519; 67 *Ga.* 672.