16661.  WILLIAMS, for use, etc. *v.* YARBROUGH.

BLOODWORTH, J.  1.  Where a bill of sale of personal property was executed by two persons, it is not necessary to make both of them parties to a bail-trover action brought by the person to whom the property was conveyed, where the petition alleges that one of them is in possession of the property and refuses to deliver it to the plaintiff.  *Beasley* v. *Central of Georgia Railway Co.,* 29 *Ga. App.* 584 (2) (116 S. E. 227), and citations.

2.  Where a petition in bail-trover alleges that the defendant is in possession of certain household goods "to which your petitioner claims title by reason ·of a certain bill of sale, a copy of which is hereto attached, made a part of the petition, and marked Exhibit A," and the bill of sale recites that "the said property is now at our home at 680 South Moreland Ave., Atlanta, Ga.," and the description of the property in the bill of sale and in the petition are identical, under the rulings in *Beaty* v. *Sears,* 132 *Ga.* 516 (1, 1 *a*) (64 S. E. 321), *Gamble* v. *Shingler,* 22 *Ga. App.* 608 (2) (96 S. E. 705), 609 (2), *Redd* v. *Lathem,* 28 *Ga. App.* 64 (110 S. E. 322), and *Adkins* v. *Salmon,* 32 *Ga. App.* 459 (123 S. E. 730), the description of the property is sufficient; and under *McCord* v. *Hill,* 10 *Ga. App.* 254 (1) (73 S. E. 559), the value of the articles is sufficiently stated, to meet a demurrer which alleges that the petition "is wholly insufficient as to description," and "it is not alleged in the said paragraph where said property is located, nor is any value of any item given."

3.  Grounds 3, 4, and 5 of the demurrer are based upon a failure of the licensee to comply with the provisions of section 14 of the act approved August 17, 1920, being "an act to regulate the business of making loans in sums of $300.00 or less" (Ga. L. 1920, p. 215), in that the licensee did not deliver to the borrower, at the time the loan was made, a statement "showing in clear and distinct terms the amount and rate of the loan, name and address of the person making the loan as required by said act."  These grounds of the demurrer are without merit, as the act makes no provision for any penalty for a violation of section 14 thereof.  The court erred in sustaining the demurrer to the petition.

  *Judgment reversed.  Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 10, 1925.

Trover; from city court of Floyd county—Judge Bale.  June 9, 1925.

*Tillou Von Nunes, Harris & Harris,* for plaintiff.

*F. W. Copeland,* for defendant.