24335. SEABOARD SECURITY COMPANY v. GOODSON et al.

STEPHENS, J. 1. In an action of trover "the petition must definitely identify the property by a particular description, or by a general description coupled with such additional allegations as to the time and place or manner of the taking or conversion as plainly to isolate the thing sued for from the general class to which it belongs." Collins v. West, 5 Ga. App. 429 (63 S. E. 540).

2. In a petition in an action of trover, where the only description of the property is that it consists of "1 oak hall rack," "1 oak combination desk," "2 oak rockers," "brass bed," "sunbeam heater," "1 mah. piano stool," "1 mah. library table," "1 oak china closet," "6 oak dining chairs, leather," "1 oak dining table, extension," and other articles of furniture, and household articles of a similar description and no more definite, and also "all draperies," "all silver," "all china," and "all cooking utensils," and where there are in the petition no other allegations descriptive of the property by which any of it can be identified, such as time and place or manner of the conversion of the property, etc., the petition fails to sufficiently identify the property.

3. Where; in the petition in such a suit, the property sued for is described as "1 Mah. Slelson Piano No. 111183," and "1 Eureka Vacuum Cleaner No. J 1817497," the description, by reason of the particular number, is sufficiently definite to identify the property.

4. In the petition in an action of trover, where several articles of property are sought to be recovered and each article is described with sufficient particularity, an allegation as to the aggregate value of all the property is a sufficient allegation as to value, and the petition is not subject to demurrer in that the value of each particular article is not alleged. McCord v. Hill, 10 Ga. App. 254 (73 S. E. 559). This is true notwithstanding several of the articles sued for are not described with sufficient particularity, and the aggregate value alleged is the alleged value of all the articles sued for, including those sufficiently described as well as those insufficiently described. The allegation as to value, notwithstanding it is an allegation as to the value of all the articles, is sufficient as an allegation of the value in the aggregate of all the articles sufficiently described. The value in the aggregate of the articles sufficiently described is a matter of proof.

5. Applying the above rulings, the petition set out a cause of action as respects the two articles referred to in paragraph 3, and was not subject to general demurrer, or to special demurrer upon the ground that no separate value is placed upon the different articles of property. The court erred in sustaining the demurrer and dismissing the petition.

Judgment reversed. Jenkins, P. J., and Sutton, J., concur.

DECIDED JULY 13, 1935.

Robert T. Efurd, Mose S. Hayes, for plaintiff.
Mozley & Latimer, for defendants.