25807. SNIDER *v.* INDUSTRIAL FINANCE CORPORATION.

DECIDED NOVEMBER 30, 1936.

*George F. Fielding,* for plaintiff in error.
*Woodruff & Ward,* contra.

SUTTON, J. It is agreed that the following statement of facts is correct: The defendant in error, a licensee under the small-loan act of Georgia, made a loan of $100 to the plaintiff in error, which loan was to be paid at the rate of $10 per month with interest at 3½ per cent. per month on the principal balance. It was admitted that the defendant in error was licensed to engage in this business, and that the loan was made at the place designated in its license. It was also admitted that it delivered to the plaintiff in error a copy of section 13 of the act at the time the loan was made. The loan was made on January 15, 1935, and the plaintiff in error paid $40 on the principal, leaving $60 unpaid. The defendant in

error brought suit against the plaintiff in error to recover the $60, with interest thereon from January 10, 1936. As evidence of the loan transaction, the plaintiff in error executed a note, a copy of which is in the record, and which fails to state the actual amount of the loan, the only reference thereto being, "For value received I promise to pay the principal sum of one hundred ($100) dollars." The plaintiff in error filed his plea and demurrer, both of which attacked the legality of the note taken by the defendant in error, on the ground that it did not comply with the provisions of the small-loan act. The trial judge overruled the demurrer, and rendered judgment in favor of the plaintiff for the principal and interest on the note. The appellate division of the municipal court affirmed that judgment, and the defendant excepted.

The question for determination is whether the note is void and unenforceable, in that it merely states "for value received," etc., and does not state the actual amount of the loan according to the provisions of section 15 of the "small-loan act" (Code, § 25-315), which provides in part as follows: "No licensee shall take . . any note, promise to pay, or security that does not state the actual amount of the loan." This section contains no provision for a penalty for failure to comply therewith, nor does the act elsewhere make any provision for a penalty for a violation of this section. Some of the sections of this act expressly provide penalties for failure to comply therewith; and the Code, § 25-9902, provides a criminal penalty for failure to comply with §§ 25-301, 25-308, 25-312, 25-313, 25-317. Counsel for the plaintiff in error contends that while this particular question has not been decided by the appellate courts of Georgia, it has been decided by the Supreme Court of Connecticut in Nicotera Loan Cor. v. Gallagher, 115 Conn. 102 (160 Atl. 426), where, in construing the Connecticut small-loan act, it was held that failure to state the amount of the loan in a note rendered the note void and unenforceable. But it will be noted that the Connecticut act provides for a criminal penalty for failure to comply with section 15, that is, failure to state the amount of the loan. No penalty is provided for a failure to comply with section 14 of the Georgia small-loan act, and this court has passed on the effect of a failure to comply with section 14, in *Williams* v. *Yarborough*, 34 *Ga. App.* 500 (3) (130 S. E. 361), where it was held: "Grounds 3, 4, and 5 of the demurrer

are based upon a failure of the licensee to comply with the provisions of section 14 of the act approved August 17, 1920, being 'an act to regulate the business of making loans in sums of $300 or less' (Ga. L. 1920, p. 215), in that the licensee did not deliver to the borrower, at the time the loan was made, a statement 'showing in clear and distinct terms the amount and rate of the loan, name and address of the person making the loan as required by said act.' These grounds of the demurrer are without merit, as the act makes no provision for any penalty for a violation of section 14 thereof. The court erred in sustaining the demurrer to the petition." So it will readily be seen that the difference between the Connecticut act and the Georgia act, the one providing for a penalty for a violation of section 15 and the other not so providing, accounts for the different rulings by the Connecticut Supreme Court and by this court on this particular phase of the small-loan act. The case of *Jobson* v. *Masters,* 32 *Ga. App.* 60 (122 S. E. 724), is distinguishable, the effect of the holding there being that a violation of section 14 of this act (Code, § 25-314), operates to prevent the lender from collecting the interest provided for by the act. That was a trover suit by the lender to recover the property pledged to secure the loan; and the court pointed out that the payments made on the loan were sufficient to cover it with 8 per cent. interest, and held that the plaintiff, having failed to comply with section 14 of the act, could not recover in the trover suit. *Southland Loan & Investment Co.* v. *Brown,* 53 *Ga. App.* 786 (187 S. E. 131), is also distinguishable, although the headnotes of that opinion are too broad. It clearly appears from the opinion that there was an additional burden placed on the borrower by requiring him to deliver the property described in the contract, when called upon so to do by the lender.

We are of the opinion, and so hold, that a violation of any of the provisions of the small-loan act which do not expressly provide for a penalty for failure to comply therewith, or which are not made penal by the act, only prevents the licensee from obtaining the benefit of the provisions of the act in having the right to charge interest at a rate of more than 8 per cent. per annum. Accordingly, the loan in the present case is not void and unenforceable; but the plaintiff, for failure to comply with section 15 of the act (Code, § 25-315), forfeited the interest under the general

provisions of law that where usurious interest is charged the interest is forfeited.

The judgment is *affirmed on condition* that the interest be written off. Otherwise, the judgment will stand

*Reversed. Jenkins, P. J., and Stephens, J., concur.*