## DENSON *v.* PEOPLES BANK.

HUTCHESON, Justice. 1. In view of the fact that the small-loan act (Ga. L. 1920, pp. 215 et seq.; Code, §§ 25-301 et seq.) is in derogation of the common law and must be strictly construed (*Frazier* v. *City Investment Co.,* 42 *Ga. App.* 585, 157 S. E. 102; *Lanier* v. *Consolidated Loan & Finance Co.,* 47 *Ga. App.* 148, 170 S. E. 99), and in view of the terms of the statute, we are of the opinion that the portion of the act (Code, § 25-315) which provides that "No licensee shall take any confession of judgment or any power of attorney; nor shall he take any note, promise to pay, or security that does not state the actual amount of the loan, the time for which it is made, and the rate of interest charged, nor any instrument in which blanks are left to be filled after execution," in so far as it prohibits the licensee from taking "any power of attorney," does not have reference only to a power of attorney to confess judgment; and that under this provision of the act the licensee is prohibited from taking from the borrower in the contract of loan a power of attorney to the licensee to apply for a homestead in the event the borrower should go into bankruptcy and fail to claim the homestead exemption. *Southern Loan Co.* v. *McDaniel,* 50 *Ga. App.* 285 (4) (177 S. E. 834); *Southland Loan & Investment Co.* v. *Brown,* 53 *Ga. App.* 786 (187 S. E. 131). Nothing to the contrary was ruled in *Nolan* v. *Southland Loan & Investment Co.,* 177 *Ga.* 59 (2) (169 S. E. 370). It follows that the first question certified is answered in the negative, and the third question in the affirmative.

2. In view of the answers given to questions one and three, it is not deemed necessary to answer question two. See *Allison* v. *United Small Loan Corporation,* 54 *Ga. App.* 820 (4) (189 S. E. 263).

No. 12464. SEPTEMBER 15, 1938.

*J. Hugh Rogers* and *W. R. Hewlett,* for plaintiff in error.
*Ezra E. Phillips,* contra.