## 26903. DENSON v. PEOPLES BANK.

FELTON, J. 1. Where a person borrowed a sum of money with which to discharge a promissory note and contract (the lender making its check to the holder of the note and the contract, and taking a transfer of the same with knowledge that it was usurious), and executed another note and contract to the lender, such last note and contract was a renewal of the note and contract so paid off by the lender, and was subject to the equities existing between the original parties. *Cairo Banking Co.* v. *Hall*, 42 *Ga. App.* 785 (157 S. E. 346).

2. Where such lender knew that the original note and contract included in the face amount thereof interest in excess of eight per cent. per annum, whether the original payee was a licensee under the small-loan act or not, since the note and contract contained a power of attorney to apply for a homestead in the event the borrower went into bankruptcy and failed to claim his exemption, and it had knowledge of such provision, in a suit on the second note given in renewal thereof the lender can only collect the principal due under the original note and contract. Interest in excess of eight per cent. is illegal. Code, § 57-101. The appointment of an attorney in fact in a contract under the small-loan act is illegal (*Southern Loan Co.* v. *McDaniel*, 50 *Ga. App.* 285, 177 S. E. 834; *Denson* v. *Peoples Bank*, 186 *Ga.* 619, 198 S. E. 666); and a contract containing such a power of attorney is collectible as to principal only, no penalty being provided for a violation of Code, § 25-315. *Snider* v. *Industrial Finance Corporation*, 54 *Ga. App.* 676 (188 S. E. 917). One renewing such an obligation with knowledge of its infirmity stands in no better position than the original payee. 66 C. J. 261, § 228.

3. It was error for the appellate division of the municipal court of Atlanta to affirm the judgment refusing a new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

DECIDED OCTOBER 24, 1938.

J. *Hugh Rogers*, W. R. *Hewlett*, for plaintiff in error.
*Ezra E. Phillips*, contra.