27185. CITIZENS MUTUAL INVESTMENT ASSOCIATION
*v.* GLASS *et al.*

DECIDED JANUARY 23, 1939.

*Ezra E. Phillips,* for plaintiff.
*Noah J. Stone, John L. Cone, John F. Echols,* for defendants.

SUTTON, J. Citizens Mutual Investment Association, as assignee, brought suit in the municipal court of Atlanta against S. F. Glass, W. W. Wells, and R. D. Mobley, the petition alleging that the defendants, on June 15, 1933, executed a contract to City Investment Company, a copy of which contract was attached to the petition as exhibit A and made a part thereof; that plaintiff was the owner and holder of the contract and also of the note referred to therein, a copy of the note being also attached to the petition as Exhibit B; that the last payment on the said note was made by the maker, E. M. Brantley, on November 20, 1934, leaving a balance of $185.10 at that time, and that on or about August 2, 1935, the defendants paid $25 on the settlement of a suit brought by City Investment Company on said contract, said amount including $6 as court costs, and that a balance of $166.10, besides interest at 8% per annum from November 20, 1934, remained unpaid; that notice was mailed to the defendants as provided for in the contract, tendering the note referred to and as also provided in the contract, but that the defendants have failed and refused to pay the said indebtedness or perform the duties imposed upon them by such contract; that the defendants are jointly and severally indebted to plaintiff in the sum of $166.10, besides interest from November 20, 1934, and judgment therefor was prayed.

The contract, evidenced by exhibit A, recites that "E. M. Brantley, hereinafter referred to as the applicant, having made application to you for a loan of $240 to be made by you to said applicant, said loan, if made, to be repaid by said applicant in twelve monthly instalments of $20 each, the first one of which will be due on the 15 day of July, 1933, and one on the same day of each succeeding month thereafter, with interest from date, payable monthly on unpaid balance of principal, at the rate of 3½% per month until paid, and said loan applied for by said applicant as aforesaid not having yet been made by you, we, the undersigned, as an inducement to you to make said loan to said applicant, hereby recommend the solvency and good character of said applicant and request that you make said loan for which said applicant has applied as aforesaid upon the terms stated. In consideration of your making said loan to said applicant, and in consideration of the option which you, by the acceptance hereof, give to us to purchase the note which is to be executed by said applicant evidencing his said indebted-

ness, if said loan is made to him by you, or any renewal thereof, or any part thereof remaining unpaid at any time (upon transfer to us, or either of us, without recourse), by paying you the amount of unpaid principal, together with interest on said unpaid principal, at the rate of eight per cent. (8%) per annum from the date of the last interest payment made by said applicant, we jointly and severally agree that if at any time the said applicant shall be in default in the payment of said loan or any renewal thereof, or if the said applicant should die before said loan is fully repaid, we or either of us will, upon demand and tender of said note, or any renewal thereof, transferred without recourse, pay you or the holder of said note in cash the amount of unpaid principal, with interest thereon at the rate of 8% per annum from the date of the last interest payment made by said applicant. . . It is expressly agreed that a notice mailed by United States mail, properly stamped and addressed to the undersigned, or either of the undersigned at the address given hereon, to the effect that the note of said applicant is in default, or that said applicant has died, or that the note of said applicant has been sued to judgment, and demanding payment as herein provided for, and that the note or execution, as the case may be, is ready for delivery upon payment being made, shall be considered in all respects sufficient notice, demand, and tender, to make the undersigned jointly and severally liable for the payment of the amount to be paid as herein stipulated, and unless payment shall then be made accordingly, the amount shall then be considered due and a right of action shall immediately arise and exist in your favor for the amount so due under the terms of this contract. . ."

The note signed by E. M. Brantley was dated June 15, 1933. In the upper left-hand corner an amount was stated as "$240" without more, and the recitals of the note were in part as follows: "For value received——promise to pay the principal sum of two hundred forty and no/100 dollars to City Investment Company, or order, at its office, in 12 monthly instalments of $20 each, the first one of which will be due on the 15 day of July, 1933, and one on the same day of each succeeding month thereafter, with interest from date, payable monthly on unpaid balances of principal, at the rate of three and one-half per cent. per month until paid. . . It is hereby agreed that should any one of the above sums not be

paid when due, and remain unpaid for three days after maturity, the said City Investment Company, or order or bearer, shall have and does have the option of declaring the whole of said sums due and collectible, time being of the essence of this contract. . . I hereby acknowledge receipt of statement of this loan as required by law. I acknowledge that this loan is executed by the City Investment Company as a licensee under the provisions of the small-loan act of Georgia (act of 1920, p. 215)." When the case came on for a hearing the defendants filed a motion to dismiss, on the ground that the petition did not set forth a cause of action. This motion was sustained the court reciting in its order of dismissal, "The within case coming on for a hearing, and it appearing that the note signed by E. M. Brantley being in violation of § 25-315 of 1933 Code of Georgia, as construed in *Snider* v. *Industrial Finance Co.*, 54 *Appeals* 676, and not carrying any legal interest, and the contract of the defendants in this case requiring City Investment Company to make to said E. M. Brantley a loan at the rate of $3\frac{1}{2}\%$ per month, paragraph 2 of this motion is sustained and said case dismissed." The case was then appealed to the appellate division of the municipal court where the judgment of the trial court was affirmed, and on certiorari to the superior court the application was sanctioned, and on a hearing thereof the certiorari was overruled. The plaintiff excepted.

Assuming, but not conceding, that the plaintiff legally became the assignee of the contract, and of the note which was made payable to City Investment Company or order, and not to the City Investment Company or bearer, we think that the petition and exhibits did not set forth a cause of action. The contract executed by the defendants provided that if the City Investment Company would make a *loan* of $240 to E. M. Brantley, payable in twelve instalments of $20 each, bearing interest at $3\frac{1}{2}\%$ on unpaid balances until paid, the defendants would, upon any default and certain described notice thereof, pay to the City Investment Company the amount of the unpaid principal, together with interest thereon at 8% per annum from the date of the last interest payment by Brantley. They did not obligate themselves to become liable on any other kind of note which Brantley might execute, and the record does not show that the condition precedent named in the contract was performed by the obligee. The copy of the note at-

tached to the petition recites that for value received Brantley promised to pay $240 and interest at 3½% per month. So far as that language shows, it can not be ascertained what amount was *loaned* to Brantley. It is apparent only that he agreed to *pay* such sums, and it is not inconsistent with his having *received* as a *loan* an amount far below that which he agreed to pay with interest and which would amount to a usurious contract. The amount shown in the upper left-hand corner of the paper does not purport to be the amount of a *loan,* and might be regarded as the amount which the borrower agreed to pay with interest, however usurious it might be. The note recites that "I hereby acknowledge receipt of statement of this loan as required by law," but being unaided by any definite statement elsewhere as to the amount of the actual loan can not be taken on demurrer as referring to a loan for which the borrower could be legally required to pay $240 and 3½% interest. Properly construed, the paper recites that the borrower has received a statement, as required by law, but not that the loan was in accordance with law.

Section 15 of the "small-loan act," Code, § 25-315, provides in part as follows: "No licensee shall take . . any note, promise to pay, or security that does not state the actual amount of the loan." Inasmuch as no penalty is provided in the Code for a failure to comply with this particular section, it was held in *Snider* v. *Industrial Finance Cor., 54 Ga. App.* 676 (188 S. E. 917): "Failure to comply with section 15 of the small-loan act of 1920 (Code, § 25-315), does not render the loan void and unenforceable in toto, as the act makes no provision for a penalty for a violation of said section; but such failure will prevent the lender from collecting the 3½ per cent. interest authorized by the small-loan act; and will work a forfeiture of the entire amount of interest under the general provisions of law that where usurious interest is charged the interest is forfeited." Consequently, under that decision, the note taken by the City Investment Company was a note which carried an obligation for the principal amount stated, but not for any interest whatever. Being so, it was not such a note as was within the expressed agreement of the defendants as to their liability. They were not bound to take over any indebtedness on a note which did not carry legal interest, but were entitled to have the exact condition precedent performed by the obligee before any liability could

arise. It is contended by counsel for the plaintiff in error that the defendants can not complain that they were not tendered a note carrying 3½ per cent. interest, inasmuch as they, not being licensees under the small-loan act, could not collect such interest. This, however, is not the test of their liability, even if they are not licensees. Before they could be called on to respond, they were entitled to have tendered to them the kind of note for which they had contracted, even though, when acquired, they could not collect 3½ per cent. interest or any interest, or even if nothing could be collected on the note and they could hold it only as a souvenir of their folly.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*