41510. BROWN et al. v. QUALITY FINANCE COMPANY.

DEEN, Judge. 1. On December 19, 1960, the plaintiff in error, Brown, executed a 24-month note to Quality Finance Company in the total sum of $456, including interest, fees, life insurance in the sum of $18.24, and accident and health in-

surance in the sum of $27.36. On November 1, 1962, the balance of the note, $39.90, was paid off out of the proceeds of a new loan for which the defendant executed a note in the total sum of $792. His account showed new charges of $31.68 for life insurance and $47.52 health and accident insurance, and insurance refunds under the first note of six cents and nine cents respectively. On his failure to pay the balance of the second note in the sum of $318.45 the finance company brought suit. Brown defended on the ground that the note sued on was usurious for various reasons and therefore void under the provisions of *Code Ann.* § 25-9903. The trial court directed a verdict in favor of the plaintiff. Defendant's motion for new trial was overruled, and he excepts.

2. *Code Ann.* § 25-315 (d) authorizes small loan companies to make a 5% late charge which, however, may be collected only once for the same default. Thirteen payments, as shown by the ledger card, were made more than five days after the due date of the installment, and 13 late charges in the sum of $1.65 or 5% of the $33 installment were charged against the account. It does not appear that excessive late charges were made.

3. *Code Ann.* § 56-2430 provides that refunds of insurance premiums shall be on a pro rata basis, without otherwise explaining the formula. *Code Ann.* § 25-317, dealing with refunds on prepayment of notes under the Small Loan Act, implies that there shall be a refund of insurance included in the note by stating that the borrower has an option to continue the insurance in force in lieu of accepting a refund, but it also does not state what formula shall be applied. It does, however, specify that unearned interest shall be refunded under the Sum of the Digit Method, otherwise called the Rule 78ths, by which formula a payment made 5 months in advance of the due date would be credited with five times the interest of a payment made 1 month in advance of its due date, and so on. In this case the insurance refund was calculated in the manner specified for interest refunds. Where the method of calculating the insurance refund is not specified by statute, it would properly be a subject for clarification under the rule-making power of the Industrial Loan Commissioner (*Code Ann.* § 25-306 (a)), which rules, if consistent with the provisions of the Act, would then have the force and effect of law. Of course, a regulatory agency has no constitutional

right to legislate (*Employers Mut. Liability Ins. Co. v. Carson,* 100 Ga. App. 409, 111 SE2d 918) and the collateral construction given statutes by administrative officials will be disregarded where their invalidity is apparent. *Elder v. Home Bldg. & Loan Assn.,* 188 Ga. 113 (3 SE2d 75, 122 ALR 738). Formulae used in computing insurance refunds are to be filed with and approved by the Insurance Commissioner. *Code Ann.* § 56-3308 (3). The Comptroller General of Georgia is both the Insurance Commissioner (*Code Ann.* § 56-201) and the Industrial Loan Commissioner (*Code Ann.* § 25-306). No rules of the Commission were introduced in evidence in this case and we cannot take judicial notice of such rules merely appended to the brief of counsel. But there is uncontradicted testimony that the refunds were made in accordance with Loan Commission rules, both as to the method of computation of monthly installment rates and as to the computation of periods by whole months. We must therefore assume in the absence of more specific evidence that the applicable regulations were enforceable and that the procedure followed was in accordance therewith.

There is no evidence in the case that the new loan contract was usurious. The trial court did not err, after directing a verdict in favor of the plaintiff, in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*

ARGUED SEPTEMBER 8, 1965—DECIDED SEPTEMBER 23, 1965.

*Guy B. Scott, Jr.,* for plaintiffs in error.

*L. D. Skaggs, Hansell, Post, Brandon & Dorsey, Allen Post, J. William Gibson,* contra.