## 38315. McMILLAN et al. v. JACOBS et al.

JORDAN, Chief Justice.

The issue presented is whether the interest of a private corporation under a lease from a county industrial development authority must be returned for county ad valorem taxation. The appeal properly is before this court because it involves the extraordinary remedy of mandamus. *DeKalb County Bd. of Tax Assessors v. W. C. Harris & Co.,* 248 Ga. 277 (282 SE2d 880) (1981).

Neither the value of the leased lands nor of the building constructed by the authority on those lands and leased to Sylvania Spinning Corporation ever has been returned to the assessors, who consistently have listed those properties on the tax exempt digest of the county since the inception of the lease. On the other hand, all other buildings and improvements thereafter constructed on the leased lands by Sylvania Spinning Corporation, and all personal property in all of these buildings and facilities, consistently have been returned to the assessors for ad valorem taxation.

McMillan and others in their capacities as citizen-taxpayers of Screven County brought this action seeking mandamus absolute requiring the Screven County Tax Assessors (Jacobs, et al.) to assess for county ad valorem taxation the leasehold interest of Sylvania Spinning Corporation in the unassessed lands and original building. The Screven County Industrial Development Authority was permitted to intervene in the case in behalf of its lessee, Sylvania Spinning Corporation. The citizen-taxpayers appeal from the order allowing intervention and from final judgment denying mandamus absolute.

1. The citizen-taxpayers contend that the assessors have failed and neglected to carry out the plain legal duty imposed upon them by Code Ann. § 91A-1002 to assess the subject leasehold interest for county ad valorem taxation. They rely upon *DeKalb County Bd. of Tax Assessors,* supra, and *Delta Air Lines v. Coleman,* 219 Ga. 12 (131 SE2d 768) (1963), to support their contention that the leasehold interest of Sylvania Spinning Corporation is taxable.

The assessors and the authority assert that his argument misses the issue, which they say is whether or not the leased lands and the original building enjoy an exemption from ad valorem taxation no matter by whom they may be possessed because of the *presence* of the following language of the constitutional amendment establishing the Authority: "All lands and improvements thereon, the title to which is vested in the Authority, and all debentures and revenue bonds issued by the Authority, shall be exempt from State and local taxation." Ga. L. 1962, pp. 1079, 1080.

The Authority contends that the lease to Sylvania Spinning Corporation did not affect the Authority's title to the lands and the original improvement on the land; hence, that the lands and the original building are exempt from county ad valorem taxation although they now are possessed by Sylvania Spinning Corporation under what otherwise would be a taxable leasehold interest.

The Authority also asserts that its construction of the constitutional amendment is buttressed by the *absence* in this amendment of a provision found in other constitutional amendments establishing other county industrial development authorities to the effect that the exemption from taxation shall not extend to tenants or lessees of the other authorities. Examples are: Ga. L. 1962, pp. 888, 889; Ga. L. 1962, pp. 1182, 1183.

The authority contends that *presence* and *absence* of the foregoing language in the constitutional amendment establishing this authority invokes the exemption from taxation expressed in Code Ann. § 91A-1002 as follows: "All real property including . . . leaseholds . . . shall be liable to taxation and shall be taxed, *except as otherwise provided by law.*" (Emphasis supplied.)

The citizen-taxpayers address this controlling question by contending that exemptions from taxation do not arise by implication and are strictly construed in favor of taxation; that tax exemptions do not arise unless the language utilized expressly, clearly and distinctly shows an intention of the framers of the Constitution to grant the privilege. *City of Columbus v. Muscogee Mfg. Co.,* 165 Ga. 259, 261 (1) (2) (140 SE 860) (1927).

The citizen-taxpayers encourage us to look only to the constitutional amendment establishing this particular county industrial development authority. The authority argues that just as we should look throughout an entire will to establish the intention of a testator, or should consider all clauses of a contract in ascertaining the intentions of the contracting parties, we should, in this case, consider the entire body of the law establishing various county industrial development authorities in order to arrive at the intention of the framers of our constitution. *Raines v. Duskin,* 247 Ga. 512, 522 (277 SE2d 26) (1981); *Brown v. Clifton,* 247 Ga. 353 (276 SE2d 41) (1981); *Birdsey v. Wesleyan College,* 211 Ga. 583, 586 (87 SE2d 378) (1955); *Bowen v. Lewis,* 201 Ga. 487, 489 (40 SE2d 80) (1946); Code Ann. § 20-704 (4).

We opt for the broad-range approach and reject the notion that our consideration properly should be limited only to the provision of the constitution establishing this particular county industrial development authority.

What is said by the framers in reference to the lessees of some of

these authorities distinctly reveals the intention of the framers as to the tax-exempt status of the lessees of others. *City of Columbus v. Muscogee Mfg. Co.,* supra.

Although the citizen-taxpayers would have us hold that this authority's tenant does not enjoy the authority's exemption from taxation because the constitutional amendment does not specifically provide an exemption *for the tenant,* a careful reading of the exemption provision will reveal that nowhere is it expressly stated that the authority, itself, enjoys any exemption from real estate ad valorem taxation. Rather, the framers have provided that the *lands,* and the *improvements* thereon enjoy the tax exemptions, which is but another way of saying that the land and improvements are exempt regardless of by whom they may be possessed. Ga. L. 1962, 1079, 1080. In those instances where the framers have sought to deny a tax exemption to the tenants of an authority, this has been spelled out distinctly by the addition of a proviso expressly denying the exemption to the authority's tenants. Two examples are: Ga. L. 1962, pp. 888, 889; Ga. L. 1962, p. 1182, 1183.

Accordingly, we affirm the denial of mandamus absolute.

2. The citizen-taxpayers have shown no harm resulting to them from the allowance of the intervention.

*Judgment affirmed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED MARCH 2, 1982.

*Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, W. M. Fulcher,* for appellants.

*Harold W. Hollingsworth, Frank C. Jones, Nolan C. Leake, Harry H. Hunter,* for appellees.