40762. HART COUNTY BOARD OF TAX ASSESSORS v. DUNLOP TIRE & RUBBER CORPORATION et al.

MARSHALL, Presiding Justice.

The question for decision in this case is whether a plant for the manufacture of golf and tennis balls leased by the Hart County Industrial Development Authority (referred to hereinafter as Development Authority) to Dunlop Tire and Rubber Company is exempt from ad valorem taxation by Hart County.

Evidence introduced at the jury trial below showed that Dunlop leased the manufacturing facility from the Development Authority in 1967, and expanded the facility in 1972, in large part because of the ad valorem tax exemption. However, in 1982, the Hart County Board of Tax Assessors issued an ad valorem tax assessment on Dunlop's leasehold interest in these facilities. Dunlop appealed to the Hart County Board of Equalization on the ground that its leasehold interest in the property is not subject to ad valorem taxation. The Board of Equalization affirmed the assessment, and Dunlop then filed an appeal in the Hart Superior Court. The superior court rendered judgment in favor of Dunlop. The Board of Tax Assessors

appeals.

The Hart County Industrial Development Authority was created by a local amendment to the Georgia Constitution found at Ga. L. 1963, p. 697 et seq. This constitutional amendment states that, "The property, obligations and the interest on the obligations of the Authority shall have the same immunity from taxation as the property, obligations and interests on the obligations of Hart County." Id. at 698.

The jury's verdict was received in the form of answers to various interrogatories. Thereafter, the superior court entered judgment in accordance with the verdict, holding that under *McMillan v. Jacobs,* 249 Ga. 117 (288 SE2d 211) (1982), the previously cited constitutional amendment exempts from ad valorem taxation property owned by the Development Authority and leased by a private corporation such as Dunlop. Cf., OCGA § 45-5-3 (Code Ann. § 89-502); *Wasden v. Rusco Industries,* 233 Ga. 439 (211 SE2d 733) (1975); *Delta Air Lines v. Coleman,* 219 Ga. 12 (131 SE2d 768) (1963). For reasons which follow, we agree with the superior court and affirm.

1. *McMillan v. Jacobs,* supra, involved the following language from the constitutional amendment creating the Screven County Industrial Development Authority, "All lands and improvements thereon, the title to which is vested in the Authority, and all debentures and revenue bonds issued by the Authority, shall be exempt from State and local taxation." Ga. L. 1962, pp. 1079, 1080. In *McMillan,* it was held that under this provision the interest of a private corporation in realty and improvements thereon leased to the corporation by the Screven County Industrial Authority was not subject to ad valorem taxation by the county.

By a similarity of reasoning, it would appear to us that the previously quoted provision of the constitutional amendment creating the Hart County Industrial Development Authority extends an immunity from taxation to property owned by the Authority and leased to a private corporation. We arrive at this conclusion because constitutional amendments creating other development authorities contain provisions specifically stating that exemptions from taxation shall not extend to tenants or lessees of the development authorities. See Kingsland Development Authority, Ga. L. 1962, pp. 813, 814; Americus-Sumter Payroll Development Authority, Ga. L. 1962, pp. 933, 938; Gilmer County Development Authority, Ga. L. 1962, pp. 1056, 1057; LaGrange Development Authority, Ga. L. 1964, pp. 779, 780; Troup County Development Authority, Ga. L. 1964, pp. 786, 787; Hogansville Development Authority, Ga. L. 1964, pp. 794, 795; West Point Development Authority, Ga. L. 1964, pp. 801, 802; Thomaston-Upson County Industrial Development Authority, Ga.

L. 1964, pp. 817, 823; Newton County Industrial Development Authority, Ga. L. 1964, pp. 825, 827; Ocilla-Irwin County Industrial Development Authority, Ga. L. 1964 (Ex. Sess.), pp. 356, 358; Charlton County Development Authority, Ga. L. 1964 (Ex. Sess.), pp. 363, 364. The constitutional amendment creating the Hart County Industrial Development Authority contains no such provision. As held in *McMillan,* supra, this is indicative of an intent to extend the ad valorem tax exemption of the Development Authority to lessees of property owned by the Development Authority.

In addition, for over a dozen years the Hart County taxing authorities have interpreted this constitutional amendment as granting Dunlop a tax exemption for its leasehold interest in the subject facilities, and such interpretation is now entitled to great weight. See *National Advertising Co. v. DOT,* 149 Ga. App. 334 (2b) (254 SE2d 571) (1979); *Mason v. Service Loan &c. Co.,* 128 Ga. App. 828 (3) (198 SE2d 391) (1973).

2. In one of the enumerations of error, the appellant complains that the judgment is overbroad in its ruling that Dunlop's leasehold interest is not subject to ad valorem taxation for years prior to 1982. We disagree.

The issue which has been decided in this case is that Dunlop's leasehold interest is immune from ad valorem taxation, and this necessarily means that the immunity extends to the years prior to 1982. However, the appellant is correct to the extent that it argues that the judgment goes no further than holding that only Dunlop's interest in the 1967 and 1972 leases is exempt, and that equipment not covered by the leases is not exempt. See Division 3, infra.

3. The finding of the jury in Interrogatory 1, that the Development Authority held fee-simple title to the land, building, and equipment leased by Dunlop from the Development Authority, is supported by the evidence. As argued by the appellant, there is equipment at Dunlop's Hart County facility which is owned by Dunlop. However, Dunlop admittedly paid ad valorem taxes on this equipment, which is not in issue.

4. The finding of the jury in Interrogatory 4, that members of the Development Authority had offered Dunlop tax-free status on the Hart County plant during the lease period, is supported at least by the testimony of the attorney for the Development Authority. He testified that he had advised the Dunlop officials concerning the tax immunity. This testimony was not hearsay. See OCGA § 24-3-1 (a) (Code Ann. § 38-301).

5. A witness who had been an officer of the Dunlop corporation also testified to the Development Authority's offer to Dunlop to provide a tax exemption for Dunlop's Hart County plant. The

appellant objected to this testimony as hearsay. The trial judge allowed the testimony in for the purpose of explaining the parties' conduct. The appellant now complains of the trial judge's failure to give the jury limiting instructions concerning this testimony. We do not find this complaint to be meritorious, in view of the fact that no such jury instructions were requested (although the appellant did request that safeguards be imposed so that only those portions of the witness' testimony which explained conduct be admitted).

6. The lease agreements between the Development Authority and Dunlop were admitted in evidence. The witness who had been a Dunlop officer was allowed to explain that a provision had been included in the leases rendering Dunlop liable for any taxes imposed on the project in order to protect the security of the holders of revenue bonds issued by the Development Authority in order to provide financing for the Dunlop plant. The appellant now complains of the trial judge's overruling of its objection to this testimony as irrelevant. We agree that this testimony was not irrelevant, in that this witness also testified that Dunlop was obligated to pay any ad valorem taxes levied on the plant if the Development Authority, by conveying or transferring the lease, did anything to cause or induce the levy of such taxes.

7. The trial court did not abuse its discretion in placing limitations on repetitious questions which the appellant was asking of one of Dunlop's witnesses during cross-examination.

This line of questioning concerned the effect of Dunlop's leasehold interest on the Development Authority's title to the property. The witness was allowed to respond to rather extensive questioning on this subject by counsel for both sides. When the questioning became repetitious and the trial judge refused to allow it to continue, counsel for the appellant objected and stated that he would like to make an offer of proof. The trial judge stated that he could do it later. However, it was not done. We find no error.

8. Finally, the appellant alleges that the trial judge erred in failing to give certain of the appellant's requests to charge the jury. However, the appellant does not support this allegation with citation of authority or argument as to why this was error. In any event, we have reviewed the trial judge's instructions to the jury and find them to be correct statements of law as applied to the facts of this case.

*Judgment affirmed. All the Justices concur, except Hill, C. J., Clarke and Weltner, JJ., who dissent.*

DECIDED APRIL 4, 1984 —
REHEARING DENIED APRIL 24, 1984.

HILL, Chief Justice, dissenting.

It is a well established rule in this state that if a statute levying a tax is of doubtful meaning it is to be construed in favor of the taxpayer and against the taxing authority. *Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691, 692 (75 SE2d 550) (1953) (citing numerous cases). However, tax exemptions of doubtful meaning are to be construed in favor of the taxing authority and against the taxpayer. *Cherokee Brick &c. Co. v. Redwine,* supra, 209 Ga. at 693; *Chilivis v. Dixon,* 234 Ga. 703, 704 (217 SE2d 283) (1975).

Applying these well established rules to the case at bar, it is clear that it is doubtful, very doubtful, that this exemption applies to the lessee, and therefore the exemption should be construed in favor of the taxing authorities.

The majority continues the error committed in *McMillan v. Jacobs,* 249 Ga. 117 (288 SE2d 211) (1982), of reasoning that because some development authority amendments provide that the exemption from taxation shall not extend to tenants or lessees, this amendment (which is unclear) provides an exemption. It is not important that other development authority amendments are clear. It is important that this one is not clear. We should not seek to ascertain the intent of the voters of Hart County in approving this amendment by what may have been clear to the voters in Sumter, Gilmer, Troup, Upson, Newton, Irwin and Charlton Counties, and in the cities of Kingsland, LaGrange, Hogansville and West Point. I therefore dissent.

I am authorized to state that Justice Clarke and Justice Weltner join in this dissent.

CLARKE, Justice, dissenting.

I am unable to agree with the majority in this case because of what I perceive to be the clear meaning of the words of the constitutional amendment creating the Hart County Industrial Development Authority. In dealing with the question of taxability of the property, the amendment provides that the "property, obligations and the interest on the obligations of the Authority" is immune from taxation. In my view, this simply means that the county cannot levy ad valorem taxes upon such property interest as the Authority holds. Should the Authority convey real estate to another party, no one would dispute the liability of the new owner for ad valorem tax. The only difference in that situation and this case is that

the conveyance to Dunlop was not in fee simple but rather of a leasehold nature. I read the constitutional amendment to allow an immunity of the property interest held by the Authority but I see nothing in the amendment to extend immunity from taxation to others who may hold a property interest. It is my view that the leasehold interest held by Dunlop is subject to ad valorem taxation and for this reason I must respectfully dissent.